Julian LaPlante *vs.* State Board of Public Roads.

State *vs.* Julian LaPlante.

JANUARY 15, 1926.

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(*1*)   *Automobile Licenses.   Hearings.   Constitutional Law.*

Gen. Laws, 1923, cap. 98, sec. 6, as amended by Pub. Laws, 1925, cap. 670, sec. 5, relating to the State Board of Public Roads, provides that "the Board may cancel, suspend or revoke any license issued under this section for any cause it may deem sufficient".

*Held*, that the Board was authorized to act without giving the licensee a hearing, before or after entering an order cancelling, suspending or revoking his license.

*Held*, further, that said section was not obnoxious to Art. I, sec. 10, Cons. R. I. nor to Cons. U. S. Art. XIV, sec. 1 of amendments.

(*2*)   *Constitutional Law.   Automobile Licenses.   Property.*

A license to operate a motor vehicle is not property in any legal or constitutional sense, and hence the suspension of the license does not deprive the licensee of his property without due process of law or otherwise.

Appeal from order of State Board of Public Roads suspending automobile license, and criminal complaint. Certified on constitutional question.

Rathbun, J.   In the first of the above causes the petitioner appealed to the Superior Court from an order of the State Board of Public Roads, entered by authority of Section 6, Chapter 98, General Laws, 1923, as amended by Section 5, Chapter 670, Public Laws 1925, suspending his license to operate a motor vehicle upon the public highways. The second cause is a criminal complaint brought in a district court against said petitioner charging him with refusing to surrender the suspended license as provided by said section as amended. The constitutionality of said Section 6 as amended by said Section 5 having been brought in question upon the record before trial, the causes were certified by said courts respectively to this court for determination of the constitutional question. The causes were heard together.

It appears that the automobile of said LaPlante, while being operated by him upon a public highway in the town of Hopkinton, collided with another automobile; that he thereafter appeared before the District Court of the Third Judicial District and pleaded *nolo contendere* to a complaint charging him with operating upon the public highways of said town a motor vehicle with defective brakes and that he appealed from the decision and sentence of said court to the Superior Court for Washington county; that thereafter said Board, after investigating the facts connected with the collision, suspended his said license without giving him a hearing and demanded a return of the license. LaPlante refused to return his license and by letter demanded that the Board grant him a hearing within ten days. The Board, in reply to said letter, stated that the law did not require the holding of a hearing within ten days but that when the license was returned they would be glad to take up the matter of reinstatement.

(1) Said Section 6 as amended by said Section 5 provides in part as follows: "The board may cancel, suspend or revoke any license issued under this section for any cause it may deem sufficient." The statute contains no provision requiring a hearing before cancelling, suspending or revoking a license. It was clearly the intention of the legislature as expressed in said Section 5 to authorize the Board to act without giving the licensee a hearing before or after entering an order cancelling, suspending or revoking his license. Said Section 6 before it was amended by said Section 5 required the Board to give the licensee a hearing before suspending or revoking his license. See *Tanguay* v. *State Board of Public Roads*, 46 R. I. 134. Before said Section 6 was amended by said Section 5 the provision next above quoted was as follows: "The board may, after a hearing of which at least three days' notice in writing has been given to the licensee, for any cause it may deem sufficient, enter an order suspending or revoking the license of any person to whom a license has been issued under this chapter."

The question raised is whether said Section 6 as amended by said Section 5 is void for being in violation of Article XIV, Section 1, of the Amendments to the Constitution of the United States and of Article I, Section 10, of the Constitution of the State of Rhode Island.    Said Section I of the Federal Constitution, so far as applicable, is as follows: "nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." The provision of said Section 10 of the State Constitution relied upon is as follows: "nor shall he be deprived of life, liberty, or property, unless by the judgment of his peers, or the law of the land." It has been held that the two phrases "due process of law" and "law of the land" mean the same. *State* v. *Beswick*, 13 R. I. at 218; *Lowrey* v. *Mayor of Central Falls*, 23 R. I. at 357.

Whether the statute is reasonable or unreasonable is a question of legislative policy with which the court has no concern. If a statute is repugnant to no constitutional provision it is the duty of the court to uphold the validity of the act without regard to the question of reasonableness. *Child* v. *Bemus*, 17 R. I. 230, and it is always presumed that an act of the legislature is constitutional until the contrary clearly appears. *In re Matter of Dorrance Street*, 4 R. I. 230.

LaPlante contends that the suspension of his license without giving him an opportunity to be heard deprived him of his property without due process of law or the law of the land, and the question arises whether a license to operate a motor vehicle on the public highways is property within the constitutional inhibition. Counsel cites no authority in support of his contention that such a license is property. The terms of the license provided that it should remain in force for the period of one year, "unless previously suspended or revoked for cause."

The operation of motor vehicles upon the public highways of the State is a subject clearly within the police power. The legislature in the exercise of such power has provided

for the licensing of competent persons to operate motor vehicles and has declared that no person "shall operate a motor vehicle upon the highways of this state, until he shall have first obtained a license for that purpose". See said Section 6. It is evident that a license to operate a motor vehicle is a permit to do that which would otherwise be unlawful. Although the privilege may be valuable, it is not property in any legal or constitutional sense. "A (2) license to operate an automobile is merely a privilege." Huddy on Automobiles, 7th Ed. p. 81; Babbitt, Law Applied to Motor Vehicles, 3rd Ed. § 233, contains the following statement: "A license being 'neither a contract nor a right of property within the legal and constitutional meaning of those terms,' is no more than 'a temporary permit to do that which would otherwise be unlawful, . . . hence, the authority, which granted a license always retains the power to revoke it, either for due cause of forfeiture, or upon a change of policy and legislation' in regard to the subject. And such revocation cannot be pronounced unconstitutional either as an impairment of contract obligations, or as unlawfully divesting persons of their property rights." In *Burgess* v. *Board of Aldermen*, 235 Mass. at 100, Rugg, C. J., in upholding the revocation, without a hearing, of a license to operate a jitney bus, said: "A license such as those here in question is a mere privilege or permission and in no sense a contract or property." See also *Child* v. *Bemus*, *supra; People* v. *Department of Health*, 189 N. Y. 187; 37 C. J. 168; 17 R. C. L. 554. The license not being property the suspension does not deprive the licensee of his property without due process of law or otherwise.

It was further suggested that the Board might, before suspending the license of another person for the same reason, give him a hearing, and that the suspension of the license in question without a hearing was a denial to the licensee of the equal protection of the laws because on appeal the person who had been given a hearing by the Board would have at the hearing on appeal the benefit of the

evidence which he had submitted before the Board while LaPlante, having had no opportunity to submit evidence before the Board, would, as he contends, on appeal have no evidence in his behalf before the court.

It does not appear that the Board has given or proposes to give a hearing to another person before suspending his license.   Undoubtedly the Board, in the performance of its administrative duties, in the furtherance of public safety, has authority and might properly give a licensee a hearing before suspending his license provided the exigencies of the conditions warrant the delay.   Section 7 of said Chapter 98 as amended by Section 6 of said  Chapter 670 provides "any person aggrieved by any order of the board may appeal therefrom to the superior court  .  .  .    and upon hearing such petition the court may review the evidence taken at a hearing or investigator's reports, or other information upon which the board's action was taken and may in its discretion, affirm or overrule or modify the order of the board". The legislature having given an appeal in cases where no hearing was held by the Board, it must have been the intention that the appellant in such cases be permitted at the hearing on appeal to present his case in full.   We must admit that the statute is not entirely clear upon this point, but if it was not the intention to give such an appellant his day in court why was he given an appeal?   It must be assumed that in giving an appeal it was the intention to confer some substantial right.

It is our opinion that Section 6 of Chapter 98 of the General Laws of 1923 as amended by Section 5 of Chapter 670 of the Public Laws of 1925 is not in violation of Article I, Section 10 of the Constitution of Rhode Island; nor in violation of Article XIV, Section 1 of the Amendments to the Constitution of the United States.

The papers in each case with this decision certified thereon are sent back to the court from which they were certified for further proceedings in said courts respectively.

*Alberic A. Archambault* for LaPlante.

*Charles P. Sisson, Attorney General,* for State, &c.