[Crim. No. 1430. Third Appellate District.—May 15, 1935.]

THE PEOPLE, Respondent, v. WALTER F. NOGGLE, Appellant.

16

Wetter & Rankin for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

THOMPSON, J.—The defendant was convicted under the provisions of section 74 of the California Vehicle Act of the misdemeanor of driving his automobile without a license therefor, after his permit to do so had been revoked by the department of motor vehicles without notice to him and without a hearing.

In August, 1929, the defendant was regularly granted an operator's license to drive his automobile, which was numbered 634,428. He was employed by the Pacific Gas and Electric Company at Red Bluff. He lived in the country near by, and used his machine as a necessary incident to his business. For several years he operated his machine. There is no evidence that his qualifications to drive an automobile were ever questioned. In 1934 he misplaced his original license and supposed it had been lost. He applied for another permit, which was promptly issued to him without question, and numbered C203,664. Without previous notice and without a hearing, the defendant was notified by letter by the chief of the division of drivers' licenses and adjustments that:

"You are hereby notified that operator's license #C203664 . . . has been revoked. . . .

"This action was taken *as our information indicates* that you are subject to spells causing the loss of consciousness and at times you are unable to exercise reasonable and ordinary control over a motor vehicle. . . . "

Assuming that he was authorized to operate his machine for the reason that he had not been notified that his original permit had been revoked, the defendant continued to drive his automobile. He was charged by a complaint filed in the Superior Court of Tehama County and subsequently convicted of driving his automobile after his license had been revoked, contrary to the provisions of section 74 of the California Vehicle

Act. From the judgment of conviction which was accordingly rendered and from the order denying motion for new trial the defendant has appealed.

■ As grounds for reversal of the judgment the appellant contends that the failure of the department of motor vehicles to revoke his original certificate left him with a valid operator's license authorizing him to drive the machine, and that the attempted revocation of the last certificate was ineffectual and void for the reason that he was given no previous notice or hearing of the proceeding.

It was evidently the purpose of the department of motor vehicles to revoke the defendant's permit and license to drive an automobile. His second certificate was merely issued upon his application as a duplicate of the original permit on the assumption that the last-mentioned certificate had been lost. The operator's license is mere evidence of the permit to drive an automobile. Section 70 of the California Vehicle Act provides that: ''In the event that an operator's or chauffeur's license . . . shall be lost or destroyed, the person to whom the same was issued may obtain a *duplicate* thereof . . . '' The department of motor vehicles attempted to revoke the only certificate of the defendant which it supposed was in existence. It may therefore not be said as a matter of law the reference to the last duplicate certificate by number, in an attempt to revoke the permit to drive an automobile, leaves the original one, which was presumed to be lost, in effect. There is no merit in this contention of the appellant.

■ The department of motor vehicles, which is a *quasi*-judicial department for the purpose of passing upon facts in granting or revoking operators' licenses, was not authorized to revoke the defendant's license to drive his automobile without notice and without a hearing. Fairly construed, the California Vehicle Act contemplates the right of a hearing based upon a verified complaint for the revocation of a driver's license on the ground that the possessor thereof has mental or physical infirmities or disabilities which disqualify him from operating an automobile. A contrary construction of the statute would be in conflict with the established rule of law and good reason requiring all *quasi*-judicial boards possessing a sound discretion in passing upon facts to act fairly and impartially in so doing after notice and an opportunity has been afforded the licensee to present evidence with relation thereto

for the consideration of the board. This rule has been followed with relation to the granting or revoking of liquor licenses. With due appreciation of the dangers attending the driving of motor vehicles, in this progressive age when the necessary use of automobiles is so indispensable and inseparable from legitimate business, it would be unjust and extremely harmful to grant any individual or body the arbitrary right to revoke an operator's license to drive a machine on mere rumor or hearsay evidence without notice and without a hearing. We are in accord with strict regulations of the department respecting the granting of permission to operate automobiles and in control of the traffic, but this necessity does not dispense with the necessity of exercising a sound discretion based upon uniform and reasonable procedure and competent evidence, nor permit the arbitrary determination of the privilege of driving an automobile without notice or a hearing.

In harmony with this just and wise procedure, we are of the opinion the California Vehicle Act contemplates a hearing based upon a verified complaint for the revocation of an operator's license to drive an automobile on a charge of mental or physical infirmities or disabilities disqualifying the licensee. Section 50 of the California Vehicle Act authorizes the revocation of a license for various reasons enumerated therein. That section is silent regarding the necessity of notice or a hearing thereof. It provides:

"The division *may* . . . revoke a registration or license provided for in this act in any of the following events:

"First—If the division is satisfied [from competent evidence after a hearing] that the applicant for or the person who has obtained the registration of a vehicle or a chauffeur's or operator's license is not entitled thereto under the provisions of this act."

 Section 73 is the only section of that act which purports to provide the method of revoking a driver's license for infirmities or disabilities. This section clearly contemplates the filing of a verified complaint and a hearing. It provides in part:

"(b) The division may conduct an investigation and hearing to determine whether the license of an operator or chauffeur shall be suspended or revoked in any of the following events:

"(1) Upon receiving a verified complaint that any person is afflicted with such mental or physical infirmities or disabil-

ities as would constitute ground for refusal of a license under
this act.

. . . . . . . . . . . . . . . . .

"(c) The chief of the division shall determine the suffi-
ciency of any complaint filed hereunder, and in his discretion
shall have power to set a time for hearing in the county
wherein the person complained of shall reside, and such per-
son shall be entitled to at least ten days previous notice of
such hearing from the division, . . . ''

The preceding section contemplates the revoking of a license
only upon a verified complaint after a hearing of the charges.
The word "may" as it is used in connection with the conduct-
ing of a hearing should be construed to be mandatory upon the
division to conduct a hearing. (*County of Los Angeles* v.
*State of California,* 64 Cal. App. 290, 296 [222 Pac. 153].)

It is true that subdivision (c) of the last-mentioned sec-
tion does provide that "The chief of the division shall deter-
mine the sufficiency of any complaint filed hereunder, and in
his discretion shall have power to set a time for hearing in the
county wherein the person complained of shall reside, and
such person shall be entitled to at least ten days previous no-
tice of such hearing . . . '' This discretion on the part of the
chief of the division "to set a time for hearing" may reason-
ably be construed to mean that in the event the complaint fails
to state facts warranting an investigation or hearing, or that
the charges of the complaint are trivial, the division may disre-
gard the complaint and permit the accused to continue to hold
his permit without the necessity of a hearing thereon. Any
other construction of the term "discretion" as it is there em-
ployed would render the section unconstitutional and void as
discriminatory; for it would then give the chief of the division
the arbitrary power to deny one licensee a hearing and grant
that privilege to others. It is a well-established principle that
all laws must be uniform in their application to individuals of
the same class. In 37 Corpus Juris, page 240, section 97, it
is said in regard to the arbitrary exercise of a *quasi*-judicial
board's power to grant or revoke licenses:

"The power vested in the board or officer to grant licenses
upon the applicant complying with the prescribed conditions,
unless mandatory in terms, carries with it, either expressly or
impliedly, the power of exercising, within the limits prescribed
by the act or ordinance, a reasonable discretion in granting
or refusing licenses. But this discretion must be exercised

reasonably, and not arbitrarily, and furthermore arbitrary power in this respect ordinarily cannot be conferred on such board or officer.''

With respect to the right of a hearing and the limitation of the discretion of a board of supervisors in granting a liquor license, it was said in *Martin* v. *Board of Supervisors*, 135 Cal. App. 96 [26 Pac. (2d) 843], that:

''When a board of supervisors is charged by law with the duty of issuing licenses upon specified terms and conditions, that tribunal becomes a *quasi*-judicial body for determining the facts and exercising sound and reasonable discretion in the performance of its duty. Since a board of supervisors is only a *quasi*-judicial body in its investigation and determination of the merits of petitions for licenses in conformity with the provisions of an ordinance, its hearings may be somewhat informal and need not conform in all respects to the solemnity of a court proceeding. Nevertheless, the law does contemplate a fair and impartial hearing of an application for a license with an opportunity for the petitioner to present competent evidence for the consideration of the board. (*Reed* v. *Collins*, 5 Cal. App. 494 [90 Pac. 973]; 33 C. J. 548, secs. 138–141.) By the great weight of authority as appears from the text in 33 C. J., at page 548:

'' 'One who has made an application for license is entitled to a hearing by the licensing authority.' On page 549 of the same volume it is further said:

'' 'Where the hearing of an application for a license is held before a court, or before a board which acts in a judicial capacity, the proceedings are in the nature of a civil action and are governed by the ordinary rules of judicial procedure applicable thereto.' ''

The preceding quoted language is peculiarly applicable to the power of the department of motor vehicles to revoke an operator's license for mental or physical infirmities. If a petitioner for a license to sell intoxicating liquor, for which privilege no vested right exists (*Ritz* v. *Lightston*, 10 Cal. App. 685, 689 [103 Pac. 363]), is entitled to a hearing upon his application, certainly one who has been granted an operator's license to drive an automobile, which may be a valuable neces-sary incident to the conducting of a business upon which the livelihood of the accused depends, should be accorded an impartial hearing before his license is arbitrarily revoked. Nor will the urgency of unusual circumstances justify the delegat-

ing of arbitrary or discriminatory power to revoke a license without notice and without a hearing.

It is suggested section 64 (h) of the California Vehicle Act furnishes the possessor of a driver's license with all the right of hearing to which he is entitled. That subdivision provides in part:

"Any person denied a license or whose license has been revoked by the division shall have the right to file an application within thirty days thereafter for a hearing in the matter in the superior court of the State of California, in the county wherein the applicant shall reside, . . . "

This proceeding furnishes nothing more than the right of an appeal from the order of revocation that has already been made. It does not compensate for the injustice of an arbitrary revocation of a license without the hearing contemplated by the statute. (42 Cor. Jur., p. 724, sec. 186.)

In the case of *Watson* v. *Division of Motor Vehicles*, 212 Cal. 279 [298 Pac. 481], it was properly held there was no invasion of the rights of a licensee to revoke his permit to drive an automobile after conviction of reckless driving in a trial duly had under the provisions of section 72 of the California Vehicle Act, or for failure to satisfy a judgment for damages for the negligent driving of his machine under the provisions of section 73 (g) of the same act. This is because the accused has had his opportunity to be heard at the trial and the revocation of his license follows as an added penalty for the offense of reckless driving of which he has been convicted.

In support of the contention that the department of motor vehicles has the authority to revoke a driver's license without notice and without a hearing, we are cited to only three authorities, which are readily distinguishable from the rule which we have announced. But if these authorities may be deemed to be in conflict with what has been previously said regarding the necessity of notice and a hearing, we are not in accord with the decisions. In 42 Corpus Juris, page 724, section 186, upon which the respondent relies, it is said:

"Where the rights of a motor vehicle licensee are wholly dependent upon the terms of the statute or ordinance under which the license is granted, and there is a provision therein for the revocation of the license, but no requirement of notice or hearing, *either expressly or by fair implication,* the rights

of the licensee may be cut off by revocation without notice or a hearing.''

The preceding text is supported by only two authorities upon which the respondent in this case also relies, to wit: *La Plante* v. *State Board of Public Roads*, 47 R. I. 258 [131 Atl. 641], and *Burgess* v. *Mayor and Aldermen of City of Brockton*, 235 Mass. 95 [126 N. E. 456]. The last-mentioned cases were determined upon the asserted statements that the statutes authorizing the revoking of a driver's license neither specifically nor by ''fair implication'' authorized a hearing upon the proceeding to revoke the license. Contrary to that omission of the statutes expressed in these cases, we are of the opinion the California statute does imply and by fair construction thereof specifically provides for the revoking of a license for physical infirmities or disabilities only upon verified complaint and after an impartial hearing, which is in accord with the general rule of law regarding the limitation of discretion on the part of a *quasi*-judicial board.

It follows that the driver's license of the appellant in this case was illegally revoked without notice and without a hearing; that it still remains in force and that there is therefore no evidence to support his conviction.

The judgment and the order are reversed.

Plummer, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 28, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 13, 1935.