THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BROOKLYN GARDEN APARTMENTS, INC., Defendant.

Supreme Court, Special Term, New York County, December 1, 1938.

*John J. Bennett, Jr., Attorney-General* [*Ira S. Robbins, Special Assistant Attorney-General,* and *Harold I. Cammer,* of counsel], for the plaintiff.

*Curtis, Belknap & Webb* [*Chauncey Belknap, Frank M. Darnall* and *R. G. Moser* of counsel], for the defendant.

HOFSTADTER, J.   This is a motion for judgment on the pleadings. The action herein is to compel the defendant, a limited dividend corporation organized under the State Housing Law, to pay a charge fixed by the State Board of Housing pursuant to section 16 of the State Housing Law (as amd. by Laws of 1933, chap. 802; Laws of 1934, chap. 540; Laws of 1938, chaps. 270, 489) to reimburse it for its expenses in auditing the books of, inspecting and supervising defendant corporation.   The questions which are presented for decision are whether the amendment to the State Housing Law by chapter 802 of the Laws of 1933, which shifted the expenses of inspection, supervision and auditing of limited dividend housing companies organized under that law from the general public to the companies is applicable to the defendant.   The housing projects of the defendant were completed before the passage of the amendment, and it now contends that the amendment of 1933 does not apply to it and that any application of its provisions against the defendant is invalid under the Federal and State Constitutions.

Although it appears that section 16 of the State Housing Law was twice amended in 1938, these later amendments are not involved in this action and will not be considered in the determination here.

Section 16 of the State Housing Law, as amended in 1933, provides, in part, as follows:

" § 16. Control of rentals. * * * The payments to be made by such corporation shall be (a) all fixed charges, and all operating and maintenance charges and expenses which shall include a charge to be fixed by the Board to reimburse it in whole or in part for its expenses of inspection, supervision and auditing, * * *. The moneys payable by the project to reimburse the Board for its expenses of inspection, supervision and auditing as herein provided shall be paid to the Department of State, which is hereby authorized to receive such moneys as part of the fund provided for in subdivision one of section fourteen of this chapter."

Defendant claims that section 39 of the State Housing Law exempts it from the operation of the portions of section 16 heretofore quoted. Section 39, in so far as it is pertinent, provides:

" § 39. Tax exemptions. 1. Any public limited dividend housing company formed hereunder shall be exempt from the payment of any and all franchise, organization, income, mortgage recording and other taxes to the State and all fees to the State or its officer."

In the interest of clarity, the defenses which are herein interposed should be considered *seriatim*. The answer admits all the allegations of the complaint and sets up four affirmative defenses. The first defense is that the obligation to pay the charge imposed by the 1933 amendment " does not apply retroactively to the corporations whose projects had been completely financed and constructed before the adoption of said amendment." An examination of the amended statute fails to show any portion thereof which exempts corporations organized prior to the adoption of the amendment from the charge fixed by the amendment. There is absolutely nothing therein to indicate any intention upon the part of the Legislature to grant the exemption contended for by the defendant nor to create a favored class of limited dividend housing corporations of which the defendant would be a member. The clear intendment is that a reference is made to all limited dividend housing corporations. Furthermore, the charge which is imposed is current and prospective in nature and has no element of retroactivity. The charge is assessed to cover the cost of current inspection, supervision and audit for the year commencing July 1, 1934, following the enactment of the amendment. It must follow, therefore, that the first defense is insufficient and it should be stricken out.

The defendant in its second affirmative defense urges that the tax exemption provisions of the State Housing Law which have heretofore been stated and the defendant's action in reliance thereon constitute a contract, the obligations of which would be impaired by the imposition of the charge for inspection, supervision and audit imposed by the 1933 amendment. The defendant's contention is without validity. The sum of money for which the plaintiff herein seeks recovery is neither a tax nor a fee, but is a charge levied for the administrative expense of a governmental agency charged with the regulation of a particular agency or occupation. The courts have heretofore found that a charge of this nature is not a tax. (*People ex rel. New York Electric Lines* v. *Squire,* 107 N. Y. 593; affd., 145 U. S. 175; *Morgan's Steamship Co.* v. *Louisiana Board of Health,* 118 id. 455; *Nicchia* v. *State of New York,* 254 id. 228.) The charge in the instant case is not a levy of funds to go into the government treasury for the support of the government and for public needs. It is measured and limited by the expenses of the Board and is not and cannot be a tax. Neither may it be said that the charges imposed herein are " fees." The Legislature has made a distinction between " fees " and " charges," as may be seen from the separate use of the two words in the same act and the granting of an exemption as to one but not as to the other.

The defendant's contention that there would be an impairment of a contractual obligation is also without merit. It is well settled that a charge such as that herein sought to be imposed by the State for the supervision and regulation of certain industries and occupations represents an exercise of the police power (*Head Money Cases,* 112 U. S. 580; *People ex rel. New York Electric Lines* v. *Squire, supra*) and may not be contracted away by the State (*People ex rel. New York Electric Lines* v. *Squire, supra,* at p. 606). It may not be said that it was the intention of the Legislature in originally enacting the State Housing Law to limit the discretion of its successors and to bind the State to a contract which would diminish the police powers of the State. (See *New Orleans Gas Co.* v. *Louisiana Light Co.,* 115 U. S. 650.) The Legislature, in the exercise of its police power, cannot be limited or controlled by the action of a previous Legislature. (*Buffalo E. S. R. R. Co.* v. *Buffalo Street R. R. Co.,* 111 N. Y. 132, 140 [1888]; *Metropolitan Board of Excise* v. *Barrie,* 34 id. 657.)

The third defense sets up the claim that the amendment in question deprives the defendant of property without due process of law. The charge in the instant case was imposed as a police measure of the State and is not subject to the defense that it deprives

the defendant of its property without due process of law. The question has heretofore been considered and determined adversely to the defendant's contention. (*People ex rel. New York Electric Lines* v. *Squire, supra.*)

The defendant's contention that no notice or opportunity to be heard is a deprivation of property without due process is also without merit. The courts of this State have held that such failure to provide for notice and an opportunity to be heard before a charge is made does not affect the constitutionality of a statute. (*Bronx Gas & Electric Co.* v. *Maltbie*, 268 N. Y. 278.) The defendant herein is adequately protected in that it can resist efforts to collect the charge after the amount thereof has been determined if the charge in truth were unreasonable or improperly arrived at.

The fourth defense must fail. The function of the State Board of Housing in determining the amount of the charge is wholly administrative. (*Matter of Mt. Hope Development Corp.* v. *James*, 258 N. Y. 510, 512.) The defendant concedes that the Legislature by a statute containing appropriate limitations could give the Board of Housing the right to collect its expenses from the corporations subject to its jurisdiction. There appears to be nothing in the amendment which provides for an improper delegation of legislative power. The Board, under section 16, as amended, merely determines the ·amount of the charge. It does not impose the charge. The Legislature may properly vest this authority in public boards or officers. (*People* v. *Kaye*, 212 N. Y. 407; *Bellows* v. *Raynor*, 207 id. 389; *People ex rel. New York Electric Lines* v. *Squire, supra.*) The motion to strike out the fourth defense is also granted.

It appears, therefore, that the motion for judgment on the pleadings should be granted. Settle order.