In the Matter of JERRY B. HEART, Petitioner, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Special Term, Steuben County, February 20, 1945.

*Vedo M. Candiello* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (John R. Davison* and *Wendell P. Brown* of counsel), for respondent.

CRIBB, J.  On October 6, 1944, a boy riding a bicycle was injured in a collision with an automobile owned and operated by petitioner.  Petitioner's automobile was properly licensed and he held an operator's license.  Petitioner did not carry liability insurance.  He filed a report of the accident with the respondent, New York State Commissioner of Motor Vehicles. By notice of suspension, dated November 22, 1944, pursuant to provisions of section 94-e of the Vehicle and Traffic Law, petitioner was ordered by respondent to submit evidence of insurance at the date of the accident, and, if not insured at the time of the accident: (a) To deposit cash, certified check or security bond or negotiable security in the amount of $1,100 as security to cover any judgment arising out of the accident, or a general release for damages from all aggrieved parties; and (b) to furnish proof of financial responsibility for the future.

Petitioner brings on this proceeding under article 78 of the Civil Practice Act seeking an order (1) declaring unconstitutional section 94-e of the Vehicle and Traffic Law on the ground that the requirement of the law and the order of the respondent issued pursuant thereto rescinding petitioner's motor vehicle license and registration deprived petitioner of his property and property rights without due process of law and in violation of section 1 of the Fourteenth Amendment of the United States Constitution and the third paragraph of section 6 of article I of the New York State Constitution or (2) if that be denied,

reviewing the action of respondent fixing the amount of security petitioner was directed to deposit to satisfy any judgment for damages resulting from the accident, upon the grounds that such amount so fixed is excessive.

By the show cause order initiating this proceeding the respondent was stayed from taking any action in the matter until the determination of this motion.

The provisions of section 94-e of the Vehicle and Traffic Law which are before the court on the question of constitutionality read as follows: Subdivision (a): '' Not less than ten days nor more than sixty days after receipt by him of the report or notice of an accident which has resulted in bodily injury or death, or in damage to the property of any one person in excess of twenty-five dollars, the commissioner shall forthwith suspend the license of any person operating, and the registration certificates and registration plates of any person owning, a motor vehicle in any manner involved in such accident unless and until such operator (or chauffeur) or owner or both shall have previously furnished or immediately furnishes security sufficient in the judgment of the commissioner to satisfy any judgment or judgments for damages resulting from such accident as may be recovered against such owner or operator (or chauffeur) by or on behalf of any aggrieved person or his legal representative, and unless and until such owner or operator (or chauffeur) or both shall immediately furnish and thereafter maintain proof of financial responsibility in the future. This section shall not apply: (1) to such owner or operator (or chauffeur) if such owner had in effect at the time of such accident with respect to such motor vehicle a standard provisions automobile liability policy * * *.'' Subdivision (b): '' Such security, where ordered, shall be in such form and in such amount as the commissioner may require, but in no case in excess of the amount of proof required by section ninety-four-l of this article. The commissioner may reduce the amount of security ordered in any case within six months after the date of the accident if, in his judgment, the amount ordered is too large.''

The amount specified in the notice of suspension to petitioner herein to be deposited as security was calculated on the basis of the report of the physician attending the injured boy, the accident report filed by petitioner as required by section 94-f of the Vehicle and Traffic Law and the report of the evaluator in the employ of the State Motor Vehicle Bureau. The last mentioned report was based upon the above-mentioned physician's report and the accident report as filed.

Petitioner complied with paragraph (b) of the notice of suspension by furnishing proof of financial responsibility for the future, but alleges his inability to comply with paragraph (a) of such notice, i.e., to deposit security in the amount of $1,100.

Petitioner argues that the portions of section 94-e of the Vehicle and Traffic Law above quoted are unconstitutional because his operator's license and certificate of registration of his automobile were issued to him by the State for a valuable consideration — the license and registration fees — and constitute property rights of which he may not be deprived without a notice and a hearing, i.e., due process of law.

Since the advent of the automobile the courts, legislators and the public have recognized that the operation of motor-driven vehicles upon the public highways creates a potential danger to the operators and occupants of such vehicles and also to other users of the highways. Because of this potential danger the Legislature from time to time has enacted laws providing certain requirements to be met before a person may operate such vehicles on the public highways as well as others which must be observed thereafter in exercising the privilege as granted. That the license to operate a motor vehicle is a *privilege* which might be denied, rather than a *right,* seems to have been established by the courts in the early days of the automobile. (See *People* v. *Rosenheimer,* 209 N. Y. 115, 121, and cases cited.) An applicant for a license to operate an automobile or for registration of the same is presumed to know the law. '' Exceptional principles apply to callings of such a nature that one may be excluded from them altogether. Of these it may be true that by engaging in them at all, one accepts the accompanying conditions '' (*People ex rel. Price* v. *Sheffield Farms Co.,* 225 N. Y. 25, 33). And so the petitioner herein applied, and paid the required fees, for a license to operate his automobile, and also for its registration plates, but the provisions of section 94-e of the Vehicle and Traffic Law here under consideration constituted notice to him of the conditions upon which he might exercise the privilege accorded him — including the right of the commissioner to suspend his operator's license and his registration certificate and registration plates upon the happening of designated contingencies. (See *Fougera & Co.,* v. *City of New York,* 224 N. Y. 269, 279; *Town of Waterford* v. *Brockett Lumber Co., Inc.,* 227 App. Div. 422, 424.)

The payment by the petitioner of the required fees upon the issuance to him of the operator's license and registration certifi-

cate did not convert the privilege granted into a property right of which he might not be deprived without a notice and hearing, i.e., due process of law. The privilege was granted subject to the terms of prescribed statutory conditions of which section 94-e of the Vehicle and Traffic Law was a part. In *Reitz* v. *Mealey* (314 U. S. 33, 36), the court said: "Any appropriate means adopted by the states to insure competence and care on the part of its licensees and to protect others using the highways is consonant with due process."

Counsel for petitioner in his brief asserts that section 94-e of the Vehicle and Traffic Law gives the Commissioner of Motor Vehicles "power to deprive a citizen of property, or rights in property, and it also gives the commissioner power to render judgment, i.e., assessing damages in an amount up to five thousand dollars". Such is not the fact. The Commissioner does not, nor may he, fix or finally determine the damages. That determination is left to the court in a subsequent action where the petitioner may appear and submit his proofs. Neither is the amount to be deposited by the petitioner as a protection to the injured party in this case subject to the sole discretion or whim of the Commissioner. The amount of deposit first determined by him is subject to review as provided by subdivision (d) of section 94 of the Vehicle and Traffic Law which reads: "Any person aggrieved by an order or act of the commissioner under this section or under provisions of this article, may maintain a proceeding under article seventy-eight of the civil practice act but the commencement of such a proceeding shall not suspend the order or act unless a stay thereof shall be allowed by said court pending final determination of the review." Pursuant to these provisions petitioner is now having his day in court.

In *Anderson Nat. Bank* v. *Luckett* (321 U. S. 233, 246–247) the court said: "What is due process in a procedure affecting property interests must be determined by taking into account the purposes of the procedure and its effect upon the rights asserted and all other circumstances which may render the proceeding appropriate to the nature of the case. [Citing cases.] The fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked. If that is preserved, the demands of due process are fulfilled. * * * For this reason also it is not an indispensable requirement of due process that every procedure affecting the ownership or disposition of property be exclusively by

judicial proceeding. Statutory proceedings affecting property rights, which, by later resort to the courts, secure to adverse parties an opportunity to be heard, suitable to the occasion, do not deny due process." This rule is particularly true when the initial or preliminary act is an administrative one — as was the act of the respondent in preparing and serving the notice of suspension on the petitioner in the instant case. It seems that the requirement of due process is satisfied if the administrative action may be stayed and the aggrieved party may challenge the act in a judicial proceeding. (See *Anderson Nat. Bank* v. *Luckett, supra; Bourjois, Inc.,* v. *Chapman,* 301 U. S. 183, 189; *Porter* v. *Investors Syndicate,* 286 U. S. 461, 470, 471; *People* v. *Brooklyn Garden Apartments, Inc.,* 169 Misc. 610, 614, affd. 283 N. Y. 373, 381, 382.)

It therefore appears that the provisions of section 94-e of the Vehicle and Traffic Law empowering respondent to perform the acts of which the petitioner complains in this proceeding do not offend the due process clauses contained in the Bill of Rights of the New York State Constitution and the Fourteenth Amendment of the United States Constitution, and I so hold.

The foregoing determination requires consideration of the alternative relief sought by petitioner in this proceeding, namely, a review of the acts of respondent with reference to the amount of the security fixed by him to be deposited by petitioner upon the ground that the same is excessive. This amount is $1,100 as appears in paragraph (a) of· the notice of suspension. Respondent contends that this court may not pass upon this question at this time because the petitioner has not first exercised his right to apply to respondent for a reduction of the amount. Respondent maintains this right is afforded petitioner by subdivision (b) of section 94-e of the Vehicle and Traffic Law. This section is quoted in the forepart of this decision. It is to be noted that while this subdivision empowers the Commissioner in his judgment to reduce the amount, there is no provision as to who may make application for such reduction or the procedure to be followed. However, subdivision (d) of section 94 of the Vehicle and Traffic Law hereinbefore quoted seems to be authority for a review of respondent's action by this court at this time.

The accident occurred on October 6, 1944, when a ten-year-old boy on a bicycle came out of a side street and collided with the right rear fender of petitioner's car which he was driving southerly on the main street. From the physician's report

dated October 11, 1944, and filed with respondent, it appears that the boy sustained a fracture of the left femur resulting in a period of disability estimated to be from two to three months, with " probably no permanent disability." In an affidavit verified by petitioner on December 1, 1944, he states his belief from statements made to him by the attending physician that the boy will " within a couple of weeks fully recover from said injuries," and that the doctor's and hospital bill will not exceed $140. Upon these meager facts it does not appear that the required security ordered deposited in the sum of $1,100 is excessive.

The motion to declare unconstitutional the designated provisions of section 94-e of the Vehicle and Traffic Law is denied. The acts of the Motor Vehicle Commissioner in fixing the amount of security to be deposited are confirmed.

Let an order enter accordingly on notice, without costs.