198

## WALL v. KING.
### Civ. No. 52-812.

United States District Court
D. Massachusetts.

Dec. 29, 1952.

George P. Lordan and Lordan, Katz & Tucker, Boston, Mass., for plaintiff.

Henry M. Leen, Boston, Mass., for defendant.

FORD, District Judge.

Plaintiff brings this action under 8 U.S. C.A. § 43 to recover damages for an alleged deprivation of his constitutional rights. The complaint charges that the defendant King in his capacity as Registrar of Motor Vehicles of the Commonwealth of Massachusetts, on July 31, 1951, wrongfully suspended plaintiff's license to operate a motor vehicle on the highways of Massachusetts, and thereafter wrongfully denied plaintiff's application of August 9, 1951 for

the reissuance of the license. The Supreme Judicial Court of Massachusetts has decided that the Registrar, who acted under the provisions of Mass. G.L. c. 90, § 22, was not in this case justified in suspending Wall's license, and held that Wall was entitled to have his license reissued. Wall v. Registrar of Motor Vehicles, Mass., 106 N.E.2d 425.

Defendant moves to dismiss for failure to state a claim upon which relief can be granted. His position is that even if his action in suspending the license and in refusing to reissue it was wrongful, plaintiff has failed to state a case under 8 U.S.C.A. § 43, because the loss of his license and, consequently, of his right to operate a motor vehicle on the highways of Massachusetts was not the deprivation of any right, privilege or immunity protected by that statute.

Plaintiff contends that the suspension of his license violated the Fourteenth Amendment, in that it abridged a privilege or immunity of a citizen of the United States, and deprived him of property without due process of law. He does not contend that defendant's action amounted to a denial of equal protection of the laws, and his complaint does not state such a claim since it lacks any allegation that there was present in the action of the defendant any element of intentional or purposeful discrimination. Snowden v. Hughes, 321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497.

■ The rights protected by the privileges and immunities clause of the Fourteenth Amendment are those incident to citizenship of the United States, as such, and not those derived from state law and belonging to a citizen by virtue of his state citizenship. Slaughter-House Cases, 16 Wall. 36, 74, 83 U.S. 36, 74, 21 L.Ed. 394. The regulation of motor traffic upon the highways of a state is a matter primarily within the police power of the state. Hendrick v. Maryland, 235 U.S. 610, 35 S.Ct. 140, 59 L.Ed. 385. Plaintiff's license to operate motor vehicle on the Massachusetts highways is a privilege granted him by that state. It is derived in no way from his status as a citizen of the United States.

It does not arise from his relationship to the federal government. It is not sufficient that it may have some indirect effect on his ability to exercise his right to travel freely from state to state, a right which does belong to him as a citizen of the United States. Crandall v. State of Nevada, 6 Wall. 35, 73 U.S. 35, 18 L.Ed. 744. State regulation of motor travel on its highways has been held not to infringe that right. Hendrick v. Maryland, supra, 235 U.S. at page 624, 35 S.Ct. at pages 142, 143.

■ Plaintiff argues that since, as he alleges, he was unable after the suspension of his license to follow his previous occupation of a salesman, he was thus deprived of his right to a livelihood and to the pursuit of happiness, rights which he argues arise from his United States citizenship. The Supreme Court in the Slaughter-House Cases, supra, 16 Wall. at pages 75, 76, 21 L.Ed. 394, refers to the discussion of Mr. Justice Washington in Corfield v. Coryell, 6 Fed.Cas. No. 3,230, page 546, of the nature of the rights which belong to citizens of a state as such. He included among these rights the fundamental "* * * right to acquire and possess property of every kind, and to pursue and obtain happiness and safety". 6 Fed.Cas. No. 3,230, page 551. The Supreme Court, approving of that description, held that such rights derived from state citizenship and were not among the rights of United States citizens protected by the privileges and immunities clause of the Fourteenth Amendment.

■ Plaintiff further contends that since the Registrar acted without giving him a hearing, he was deprived of property without due process of law. Plaintiff cites cases in which a license to engage in a specific occupation has been held to be a property right. But no case has been pointed out which holds that a license to operate a motor vehicle is property. There are, however, numerous cases in which it has been specifically held that such a license is not property within the meaning of the Fourteenth Amendment, but merely a privilege granted by the state. Commonwealth v. Harris, 278 Ky. 218, 128 S.W.2d 579; Heart v. Fletcher, 184 Misc. 659, 53 N.Y.S.

2d 369; Commonwealth v. Funk, 323 Pa. 390, 186 A. 65; LaPlante v. State Board of Public Roads, 47 R.I. 258, 131 A. 641; Rawson v. Department of Licenses, 15 Wash.2d 364, 130 P.2d 876; Nulter v. State Road Commission of West Virginia, 119 W.Va. 312, 193 S.E. 549, 194 S.E. 270. The holding in Burgess v. Mayor and Aldermen of Brockton, 235 Mass. 95, 126 N.E. 456, although not precisely in point since it involved a license to operate a motor vehicle for hire, indicates that the same result would be reached by the Massachusetts courts. Cf. Ullian v. Registrar of Motor Vehicles, 325 Mass. 197, 199, 89 N.E.2d 780, where the court, although making a contrary assumption for the purposes of the case, called attention in a footnote to cases holding that a license to operate a motor vehicle was no more than a mere conditional privilege.

The conclusion must be that plaintiff has failed to state a claim upon which relief can be granted under 8 U.S.C.A. § 43.

Defendant's motion to dismiss is allowed.