Matthew J. Jasen, J.
This is an appeal from a judgment of the City Court of Buffalo convicting appellant of unlawfully refusing, on October 22, 1957, to surrender his license plates and his operator’s license to a police officer, acting on order of the Commissioner of Motor Vehicles, following a suspension by said commissioner of the appellant’s registration and operator’s license pursuant to the provisions of the Vehicle and Traffic Law, in violation of subdivision 6 of section 71 of the Vehicle and Traffic Law.
Appellant raises two points on appeal. He claims that the original notice of suspension mailed to him by the Commissioner of Motor Vehicles was dated February 11, 1954, and that the offense having been committed then, its prosecution is now barred because of the two-year Statute of Limitations for misdemeanor prosecutions. The summons and information commencing this proceeding were dated October 22, 1957 and October 29, 1957, respectively.
This contention is without merit. More than one criminal offense is set out in subdivision 6 of section 71 of the Vehicle and Traffic Law. “ Failure of the holder * * * to deliver the [license card, registration certificate or number plates] to the suspending * * * officer ” is a misdemeanor. However, ‘' Failure of the holder * * * to deliver the [license card, registration certificate or number plates] to any peace officer directed by the commissioner to secure possession thereof ’ ’ following a suspension of the same, is also a misdemeanor.
Appellant is charged only with a violation of the last-mentioned provision. The information alleges, and the proof shows that the offense took place on October 22, 1957, the very day that the summons was issued, and only one week before the information was filed.
It is "also claimed that no hearing was held prior to the suspension of the registration and license, and that it therefore was illegal. The action of the Commissioner of Motor Vehicles in suspending the registration and license cannot be reviewed in this proceeding. Appellant had an appropriate means of review in Supreme Court. Even if this was the proper forum, the action of the commissioner was in accordance with law, and no hearing was required. (Matter of Heart v. Fletcher, 184 Misc. 659.)
The judgment of conviction is affirmed.