WALTER SPURBECK, appellant, v. D. M. STATTON, Commissioner of Public Safety, and IOWA DEPARTMENT OF PUBLIC SAFETY, appellees.

No. 50136.

(Reported in 106 N.W.2d 660)

DECEMBER 13, 1960.

Members of Bremer County Bar Association and Laird & Laird, of Waverly, for appellant.

Norman A. Erbe, Attorney General, and Carl H. Pesch, Assistant Attorney General, for appellees.

THOMPSON, J.—The sole question in the case before us is the constitutionality of section 321.210(1) of the Code of Iowa of 1958. The plaintiff having brought his action in certiorari, and an order granting the writ having issued, the case was tried upon a stipulation which we set out herewith.

## "STIPULATION OF FACTS.

"It is hereby stipulated by and between the parties hereto that on the 2nd day of November, 1959, the defendant served the plaintiff with a notice of suspension of said plaintiff's license to operate a motor vehicle and did thereby properly suspend the said license under authority of Section 321.210(1), Code of Iowa, 1958. That said suspension was affected by an alleged administrative proceeding without prior notice of hearing or other judicial hearing or proceedings.

"It is further stipulated by and between the parties hereto that the following shall be and constitute the sole issues involved in this case.

"(1). Is Section 321.210(1), Code of Iowa, 1958, unconstitutional.

"(2). Did the defendants act illegally and without authority thereunder in suspending the plaintiff's license to operate a motor vehicle.

"(3). Does the aforesaid Act, to-wit: Section 321.210(1) Code of Iowa, 1958, constitute an illegal and unconstitutional delegation of legislative and judicial authority.

"(4). Is the procedure authorized by Section 321.210(1), Code of Iowa, 1958, unconstitutional and does it constitute a deprivation of a right without due process of law."

It will be noted that the stipulation states the defendant (by which we assume is meant the Commissioner of the Department of Public Safety) "did *properly* suspend" plaintiff's driver's license. (Italics supplied.) We take this to mean that the suspension was proper if the statute under which the commissioner acted is constitutional. It also appears that the first two specifications of issues in the stipulation are general, while (3) and (4) state the particular respects in which the challenged Act is thought by the plaintiff to be unconstitutional: because it is an illegal and unconstitutional delegation of legislative and judicial authority; and because it takes away a right without due process of law. While the arguments cover a wide range, we shall take the issues as stipulated before the trial court. In his petition the plaintiff specifies the parts of the Iowa Constitution which he thinks are violated as Article V, section 1, which vests the judicial power in the Supreme and District Courts and such other courts as the legislature may establish; and, relating to the same issue, Article III, section 1, which we quote:

"Departments of government. SECTION 1. The powers of the government of Iowa shall be divided into three separate departments—the Legislative, the Executive, and the Judicial: and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any function appertaining to either of the others, except in cases hereinafter expressly directed or permitted."

These sections of the Constitution pertain to the issue of illegal delegation of authority.

Plaintiff in his petition also complains that section 321.210(1), supra, is unconstitutional because it deprives him of a right without due process of law, thereby violating Article I, section 9, of the Iowa Constitution. So far as material this section provides: "no person shall be deprived of life, liberty, or property, without due process of law." These are the only sections of the Iowa Constitution which the petition charges are violated; and while reference is made to the equal rights and due process clauses of the Constitution of the United States, they are not argued or discussed in plaintiff's brief and in any

event depend substantially upon the same considerations as our own similar provisions so far as the instant case is concerned. We shall make no further reference to the United States Constitution.

Section 321.210(1), here under attack, is set out:

"Authority to suspend. The department is hereby authorized to suspend the license of an operator or chauffeur without preliminary hearing upon a showing by its records or other sufficient evidence that the licensee:

"1. Has committed an offense for which mandatory revocation of license is required upon conviction."

Section 321.209(2), immediately preceding, makes it mandatory upon the department (the Department of Public Safety) to forthwith revoke the license of any operator upon receiving a record of the conviction of such operator of the offense of driving a motor vehicle while under the influence of intoxicating liquor. It is evident, therefore, that if section 321.210(1) is valid, the department, upon a showing by its own records or other sufficient evidence that the holder of a license has committed the offense of driving while intoxicated, may suspend the license. Exhibits attached to plaintiff's petition show that shortly before the suspension of his driver's license by the department, the plaintiff had been arrested in Waverly, Bremer County, on a charge of driving while intoxicated. Affidavits of the arresting officer and another witness were submitted to the department and the notice of suspension issued to the plaintiff. Since it is stipulated the suspension was proper under the authority of section 321.210(1) we shall not give the facts further consideration.

I. The first contention of the plaintiff is that the section under attack is an improper delegation of power to an administrative department, to which, it is said, the Act commits a judicial or legislative function. At the outset we state some well-established general principles pertinent in all considerations of constitutional questions. Thus, all presumptions are indulged in favor of constitutionality; he who attacks the constitutionality must prove invalidity beyond a reasonable doubt; the fact that a law may work hardship does not render it uncon-

stitutional; if any reasonable basis which supports the statute may be conceived it will be upheld; the courts have no concern with the wisdom, justice, policy or expediency of a statute, and are not responsible for the presence or absence of those elements in an Act of the legislature. These rules have been stated over and over again in many cases, some of them quite recently. Diamond Auto Sales v. Erbe, 251 Iowa 1330, 105 N.W.2d 650; State ex rel. Cairy v. Iowa Co-Operative Assn., 250 Iowa 839, 95 N.W.2d 441; Faber v. Loveless, 249 Iowa 593, 88 N.W.2d 112; Steinberg-Baum & Co. v. Countryman, 247 Iowa 923, 77 N.W.2d 15; Knorr v. Beardsley, 240 Iowa 828, 38 N.W.2d 236; Dickinson v. Porter, 240 Iowa 393, 35 N.W.2d 66; Miller v. Schuster, 227 Iowa 1005, 289 N.W. 702.

In the latter case, page 1015 of 227 Iowa, page 707 of 289 N.W., is announced another rule applicable in the case before us: "* * * this court, in harmony with the decisions of the federal courts and the courts of the several states, has adopted a liberal interpretation of the Constitution in favor of the constitutionality of legislation."

We turn then to a consideration of the challenge to the Act here, that it is an illegal and unconstitutional delegation of powers. It is contended that there is an improper delegation of judicial authority to make a determination of guilt of the offense of driving while intoxicated, an illegal delegation of the police power; and further that the statute gives the department the right to make rules without fixing any proper standard which it must follow in so doing, an illegal delegation of lawmaking power.

Considering first the claim of illegal delegation of the police power, it will be noted that the statute says the department is "authorized" to suspend the license. This the plaintiff thinks gives the department, or the commissioner acting for it and in its name, authority to act or not to act in each case as its or his discretion may determine. In Central States Theatre Corporation v. Sar, 245 Iowa 1254, 66 N.W.2d 450, cited and relied upon by the plaintiff, we struck down a statute which gave township trustees power to grant licenses for theaters and other businesses in locations outside incorporated cities or towns.

But there the statute, section 361.3, expressly said "The granting of a license shall be discretionary with the trustees; * * *." We held it was an illegal delegation of power and likewise discriminatory. We do not so interpret the Act before us here. To "authorize", according to Webster's New International Dictionary, Second Edition, means "To clothe with authority or legal power; to give a right to act; to commission." So the department, through the commissioner, is empowered to act. The difficult question is whether this means a discretion to act or not to act in each case. We think that the statute is not to be so interpreted. It is our duty to construe acts of the legislature, where it can reasonably be done, so that their constitutionality will be upheld. The governing rule here is thus stated in 16 C. J. S., Constitutional Law, section 98, pages 371, 372: "statutes will, or should, be liberally or reasonably construed so as to sustain their constitutionality or validity." We ourselves have said: "It is a well-established principle, often applied by this court, that courts must construe a statute so as to avoid, if possible, holding it void for unconstitutionality." Knorr v. Beardsley, supra, page 840 of 240 Iowa, page 243 of 38 N.W.2d.

Applying this rule, we cannot agree that section 321.210 must be construed to give the commissioner discretion in enforcing it in a proper case. We hold that he is not only empowered but directed to act. The proper construction of the word "authorize" as used in statutes such as this is well set out in Kansas Gas & Electric Co. v. City of Independence, 10 Cir., 79 F.2d 32, 43, 100 A. L. R. 1479, 1494:

"The words 'authorized and empowered' were intended and should be construed as directing the President to select, from those classes of projects specifically designated by Congress, the particular ones, within the limitations specified, best calculated to effectuate the purposes of the Act. Latterly, it has become the general practice to use the word 'authorized' in the sense of empowered and directed in Acts prescribing administrative action, the more mandatory form of expression being deemed not appropriate when giving direction to high executive officers of the government."

286

■ We conclude the commissioner is not given arbitrary or discriminatory discretion by the statute in question. Nor can it be urged that he may not act fairly in all cases. It must be assumed that public officers will act fairly and impartially, and a statute will not be held unconstitutional because of a supposed possibility they will not do so. Brady v. Mattern, 125 Iowa 158, 169, 100 N.W. 358, 362, 106 Am. St. Rep. 291.

■ The plaintiff thinks the commissioner is given authority to act without any proper guide. The true rule is expressed in Locke's Appeal, 72 Pa. St. 491, 498, quoted with approval in Field v. Clark, 143 U. S. 649, 694, 12 S. Ct. 495, 505, 36 L. Ed. 294: "The legislature cannot delegate its power to make a law, but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend." We quoted substantially the same statement from Financial Aid Corp. v. Wallace, 216 Ind. 114, 120, 23 N.E.2d 472, 475, 125 A. L. R. 736, in Miller v. Schuster, 227 Iowa 1005, 1020, 289 N.W. 702, 709.

For the plaintiff, State v. Van Trump, 224 Iowa 504, 275 N.W. 569, and Goodlove v. Logan, 217 Iowa 98, 251 N.W. 39, are cited and relied upon. In each of these cases we held the legislature had not set up a standard for the administrative body to follow and so had in effect delegated the lawmaking power to it. But this is not the situation in the instant case. The statute makes the law; it sets up a sufficient guide, or standard. As we have pointed out, the Act directs the Department of Public Safety to suspend the license of an operator, without hearing, upon a showing by its records or other sufficient evidence that the licensee has committed an offense for which revocation of the license is mandatory. Driving while intoxicated is such an offense. This is the law; the only power delegated to the department, through the commissioner, is to determine "some fact or state of things upon which the law makes, or intends to make, its own action depend." The department is told to suspend the license when it finds facts requiring it; and what these facts shall be is set forth in the statute; when the department finds, by sufficient evidence, that an offense for which revocation is mandatory has been committed.

The distinction between the Act under attack here and those held invalid in the Van Trump and Goodlove cases, supra, is clear. Section 321.210(1) gives a definite guide and standard.

II. The second major challenge to the validity of the Act is that it provides for a denial of due process of law, because the license is suspended without notice or hearing. The exercise of the authority provided for must be sustained, if at all, as an assertion of the police power of the State.

In Steinberg-Baum & Co. v. Countryman, supra, page 931 of 247 Iowa, page 19 of 77 N.W.2d, we said: "The United States Supreme Court has frequently pointed out 'the police power is not subject to any definite limitations, but is coextensive with the necessities of the case and the safeguard of the public interests.' "

The question before us is whether the danger to be apprehended from driving upon the public highways by one under the influence of intoxicating liquor is such a hazard that summary action by the state is within the proper limits of its police power. We think it is. The concept of due process of law does not necessarily and under all circumstances require notice and hearing before official action is taken. Wall v. King, 1st Cir., 206 F.2d 878, 883; Yakus v. United States, 321 U. S. 414, 442, 64 S. Ct. 660, 676, 88 L. Ed. 834.

Our own case of Doyle v. Kahl, 242 Iowa 153, 158, 46 N.W.2d 52, 55, seems determinative of the point. It is true this arose under the provisions of chapter 321A, Code of 1958, the Motor Vehicle Financial Responsibility Act. Section 321A.5 of that chapter provides for suspension of an operator's license without notice after the commissioner receives a report of a motor-vehicle accident within this state resulting in personal injuries, or property damage in excess of fifty dollars, unless security is given for the payment of all assessable damages. We there quoted with approval from 16A C. J. S., Constitutional Law, section 628, page 849: "* * * there is no denial of due process if notice and hearing are dispensed with in connection with purely preliminary matters, and the right to judicial review, where reserved, may cure any lack of due process in the original administrative proceedings."

288

The Doyle case involved suspension of a license because of possible negligent driving, still unproven. Section 321.210(1), under examination in the case at bar, provides for suspension when there is sufficient evidence that the licensee has committed an offense upon conviction of which revocation is mandatory, in this case driving while intoxicated, although no conviction has been had. If suspension may be imposed without notice of hearing merely upon the happening of an accident with damages sustained, as we held in Doyle v. Kahl, supra, certainly it may be done when there is evidence of driving while intoxicated.

■ It is important to point out that, while the license may be suspended without notice under section 321.210(1), notice and hearing after such suspension are provided for by section 321.211. This section gives the licensee the right to a hearing before the commissioner or an authorized agent within twenty days after such hearing is requested. Section 321.215 provides for the right of appeal to a court of record in the county of the licensee's residence. So he has a right to appeal from the suspension to the commissioner; and also an expeditious appeal is provided to the courts. Many cases hold that the right to a hearing after suspension, or of appeal to the courts, or both, removes any possible objection based on want of due process. Thus in Commonwealth v. Cronin, 336 Pa. 469, 473, 474, 9 A.2d 408, 410, 411, 125 A. L. R. 1455, 1458, it is said: "While the requirement of due process of law extends to administrative as well as judicial proceedings, due process is not synonymous with judicial process." There the driver's license had been suspended, under an authorizing statute, by the Secretary of Revenue. He had been given notice of a hearing, but contended he had not been given the opportunity to confront his accuser and to cross-examine him. The Pennsylvania Supreme Court said: "Regardless of whether he was accorded a proper hearing before the Secretary, it is certain that the hearing de novo [in the court below] remedied the infringement of any constitutional right of which defendant may have been deprived."

■ Our own case of Hiatt v. Soucek, 240 Iowa 300, 305–307 inc., 36 N.W.2d 432, 435–437 inc., discusses this question fully,

and cites Iowa authorities and others to the effect that judicial determination at the outset is not essential to due process if a later review is available. The case is definite and conclusive authority for the proposition that summary action may be taken in the exercise of the police power, without notice or hearing in the first instance, if proper provision is made for a judicial review within a reasonable time thereafter. Here we have not only section 321.211 giving the right of hearing before the commissioner when a license has been suspended, but section 321.215 providing for a prompt appeal and hearing in a court of record. Due process clearly appears.

III. We have held that a driver's license is not a right, but a privilege. Doyle v. Kahl, supra, page 159 of 242 Iowa, page 55 of 46 N.W.2d. Whether it is such a privilege that deprivation of it without due process of law would be beyond constitutional limitations we do not decide, since we have held in Division II above that due process has been afforded.

IV. The plaintiff cites and relies upon several cases, which we have examined and find not to be in point. Thus, in People v. Noggle, 7 Cal. App.2d 14, 18, 45 P.2d 430, 432, the pertinent statute said the State " 'may conduct an investigation and hearing to determine whether the license of an operator * * * shall be suspended or revoked * * *.' " A hearing was definitely provided for and this implies notice. In Ratliff v. Lampton, 32 Cal.2d 226, 230, 195 P.2d 792, 795, 10 A. L. R.2d 826, 830, the court said "There was no express provision in the code which authorized the department to revoke plaintiff's license without first giving him an opportunity to be heard * * *." We have such a provision in our statute. Gilchrist v. Bierring, 234 Iowa 899, 14 N.W.2d 724, does not touch the question decided above that a provision for judicial review following a summary suspension of a license removes any possible taint of violation of due process. We find nothing in the authorities relied upon by the plaintiff at this point that persuades us we should not follow the general rule which we have stated in the preceding sentence and have followed in Divisions II and III above.

V. It is our conclusion that section 321.210(1) is not an improper delegation of legislative power, since it announces

290

what the law is, lays down a guide for the administrative agency to follow and leaves it to the agency only to determine the facts which will make the law applicable. The giving or suspending or revocation of licenses to operate motor vehicles on the public highways is clearly within police power of the state. The danger from reckless driving is great; still more dangerous and more requiring the strict exercise of the deterrent police power is the operation of motor vehicles by one whose senses are blurred or entirely lost through the effect of intoxicating liquor. In the hands of such an operator, a motor vehicle becomes a dangerous weapon imperiling the life and limb and property of others rightfully using the roadways. Surely summary measures calculated to aid in checking such operation are within the proper scope of legislative authority. And for the driver who feels aggrieved, who may think he has been deprived of his right to use his vehicle without sufficient evidence, a prompt hearing before the commissioner is provided, with expeditious right of appeal to the courts if he chooses.

The judgment and decree of the trial court was in all respects correct.—Affirmed.

LARSON, C. J., and BLISS, GARFIELD, GARRETT, OLIVER, and PETERSON, JJ., concur.

HAYS and THORNTON, JJ., dissent.