HEWETT WHOLESALE, INC., and Witt
Sales of Spencer, Inc., for themselves
and all others similarly situated, Appel-
lants,

v.

DEPARTMENT OF REVENUE, STATE
OF IOWA, Appellee.

No. 83–230.

Supreme Court of Iowa.

Feb. 15, 1984.

George A. Wilson III of Dreher, Wilson,
Adams & Jensen, Des Moines, for appel-
lants.

Thomas J. Miller, Atty. Gen., and Mark
R. Schuling, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C.J., and
UHLENHOPP, HARRIS, McCORMICK
and WOLLE, JJ.

McCORMICK, Justice.

This appeal involves a state and federal
constitutional challenge on ex post facto
grounds to a cigarette inventory tax stat-

ute enacted in 1981. Plaintiffs Hewett Wholesale, Inc., and Witt Sales of Spencer, Inc., are cigarette distributors who brought this declaratory judgment action against the Iowa Department of Revenue seeking to have the tax declared invalid and its collection enjoined. After submission of the case on stipulated facts, the trial court upheld the tax. We affirm.

Senate File 576 was passed by the General Assembly on May 22, 1981. Among other things, it imposed a five cent per pack tax on cigarettes and little cigars in the stocks of Iowa distributors "as of the close of business on June 30, 1981." 1981 Iowa Acts ch. 43, § 3(1). Because the bill did not contain a publication clause, it became effective July 1, 1981. *See* Iowa Const. art. 3, § 26.

The gist of plaintiffs' constitutional challenge is that the statute violates the ex post facto clauses of the state and federal constitutions because it would subject distributors to penalties for failure to take an inventory of cigarettes and little cigars on June 30, 1981, one day before the statute took effect. The ex post facto provisions are in article I, section 9, clause 3, of the United States Constitution and article I, section 21, of the Iowa Constitution. These provisions forbid punishing past conduct which was not punishable when it occurred. *See State v. Quanrude,* 222 N.W.2d 467, 469–70 (Iowa 1974).

■ We need not determine whether plaintiffs' contention would be meritorious if the statute actually made punishable the failure to take an inventory on June 30, 1981. This is because we find the legislature did not intend to distinguish between an inventory as of the close of business on June 30 and an inventory as of the opening of business on July 1. Thus the tax was actually imposed on the inventory as of the opening of business of July 1, the day the statute took effect.

■ Plaintiffs contend this conclusion is based on assumptions concerning accounting principles and business practices that are unwarranted by the record. We be-

lieve, however, that the issue is merely one of statutory interpretation. We are aided by the presumption that the legislature intended the statute to comply with the state and federal constitutions. *See* Iowa Code § 4.4(1) (1983). Moreover, "[i]t is our duty to construe acts of the legislature, where it can reasonably be done, so that their constitutionality will be upheld." *Spurbeck v. Statton,* 252 Iowa 279, 285, 106 N.W.2d 660, 663 (1960).

■ Apart from this, we believe the obvious intent of the legislature was to tax the inventory of the distributors before removal of stocks on the date the statute took effect. Ordinarily no practical difference exists between an inventory at the close of one business day and the beginning of the next. The fortuity of possible intervening losses such as through casualty might present a practical problem in a particular case but does not nullify the general expectation. The legislature's reference in the statute to June 30 was to identify the inventory to be taxed rather than the time the merchandise had to be counted. If a physical inventory was necessary, it could be taken before any distributions were made on July 1.

We are convinced that an inventory as of the start of business on July 1, 1981, would fully comply with the statute and that the failure to take an earlier inventory could not be punished. Therefore we find no merit in plaintiffs' constitutional challenge.

■ Plaintiffs separately contend that the inventory tax is precluded by the restriction in Iowa Code section 98.6(2) (1981) against more than one tax on the "first sale" of cigarettes. The short answer to this contention is that the inventory tax is separate and distinct from the stamp tax to which that restriction by its plain terms applies.

AFFIRMED.