STATE OF IOWA, Appellant, v. A. S. VAN TRUMP, Appellee.

No. 43889.

MARCH 16, 1937.

ORIGINAL OPINION WITHDRAWN; SUBSTITUTE FILED
OCTOBER 19, 1937.

John H. Mitchell, Attorney General, Paul Freeburn, Asst. Attorney General, and Leroy A. Rader, Spec. Asst. Attorney General, for appellant.

Van Allen & Van Allen and Leo V. Collins, for appellee.

MITCHELL, J.—The defendant was charged in a justice court in Henry County under two informations, one charging the unlawful possession of a channel catfish during the closed season, and the other charging the taking of the fish with illegal devices, to wit: hoopnets. It is alleged in both of the informa-

tions that the act charged is contrary to certain sections of the
"Iowa Angling Regulations" so as to violate the provisions of
section 1789 of the Code, imposing a misdemeanor penalty for
"violation of the provisions of the rules and regulations adopted
by the commission." The defendant was convicted and fined in
the justice court and appealed to the district court, where he
interposed demurrers to the informations for the reason that the
crimes charged therein are a violation not of a statute but of
rules and regulations of the state conservation commission,
adopted pursuant to an attempted void and unconstitutional del-
egation of legislative power, in contravention of Article III,
Section 1, of the Iowa Constitution. The demurrers were sus-
tained, and the State appeals.

Both informations seek to impose the misdemeanor penalty
prescribed by section 1789 of the Code of Iowa for violation of
rules and regulations adopted by the State conservation commis-
sion under a statutory grant of power, contained in section 1703-
d12 of the Code. There is no statute which, by express terms,
prohibits the doing of the acts complained of in the informa-
tions. The State contends that section 1703-d12, subdivision 5,
effectually empowered the conservation commission to adopt and
promulgate rules and regulations for the protection of fish, etc.,
and make the violation thereof crimes. We cannot so hold.

In the case of Goodlove v. Logan, 217 Iowa 98, 101, 108, 251
N. W. 39, 40, this court held that a statute, authorizing the state
highway commission to adopt rules and regulations as to the use
of the highways in the state by automobiles or other vehicles,
was in contravention of the Constitution of the State of Iowa
and an unwarranted attempt to delegate legislative power. The
authorization from the legislature to the highway commission in-
volved in that case, read:

"Such rules and regulations *may* * * * relate to * * *."

This court held that the legislature had delegated to the
highway commission power,

"* * * first to say whether there shall be any law, and, sec-
ond, what that law shall be * * *."

Our opinion in that case, and our prior and subsequent
holdings recognize that the legislature may, as said by the
United States Supreme Court in Field v. Clark, 143 U. S. 649,

694, 12 S. Ct. 495, 505, 36 L. Ed. 294, 310, "make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend." Goodlove v. Logan, 217 Iowa 98, 251 N. W. 39; Hubbell v. Higgins, 148 Iowa 36, 126 N. W. 914, Ann. Cas. 1912B, 822; McLeland v. Marshall County, 199 Iowa 1232, 201 N. W. 401, 203 N. W. 1; Loftus v. Department of Agriculture, 211 Iowa 566, 232 N. W. 412; State v. Manning, 220 Iowa 525, 259 N. W. 213; Vilas v. Iowa State Board of Assessment & Review, 223 Iowa 604, 273 N. W. 338.

■■■ The legislature may not delegate its purely legislative power. The courts thruout the land have held this. Nevertheless, it has been recognized from the very earliest times that this does not prevent the legislature from invoking the aid of other governmental departments in effectuating its policies. This court has endeavored, within constitutional limits, to pursue a "common sense" policy in determining the extent to which delegation may be permitted, and to give due consideration to the necessities of governmental coordination and the practical difficulty of adapting legislation to complex conditions involving a host of detail. Hampton, Jr., & Co. v. U. S., 276 U. S. 394, 48 S. Ct. 348, 72 L. Ed. 624; McLeland v. Marshall County, 199 Iowa 1232, 201 N. W. 401, 203 N. W. 1; Loftus v. Department of Agriculture, 211 Iowa 566, 232 N. W. 412; Talarico v. City of Davenport, 215 Iowa 186, 244 N. W. 750; State v. Manning, 220 Iowa 525, 259 N. W. 213; Vilas v. Iowa State Board of Assessment & Review, 223 Iowa 604, 273 N. W. 338.

In the recent case of State v. Manning, 220 Iowa 525, 530, 531, 259 N. W. 213, 216, Chief Justice Hamilton, speaking for this court, said:

"The three branches, executive, judicial, and legislative, are coordinate parts of our government, and the line of demarcation between the three in matters of the character here involved is not easily defined according to any fixed standard of interpretation. As early as the year 1825, no less renowned authority than Chief Justice Marshall, in recognition of this difficulty under such circumstances as confront us in this case, said:

" 'The line has not been exactly drawn which separates those important subjects, which must be entirely regulated by the legislature itself, from those of less interest, in which a gen-

eral provision may be made, and power given to those who are to act under such general provisions, to fill up the details.' Wayman v. Southard, 10 Wheat., 1, 41, 6 L. Ed. 253.

"Our own court has given expression to the same thought in McLeland v. Marshall County, 199 Iowa 1232, at page 1238, 201 N. W. 401, 403, 203 N. W. 1:

" 'The exact line of demarcation between legislative power and administrative duties in some cases is not easily determinable. It may be stated, in a general way, that it is for the legislature to determine what the law shall be, to create rights and duties, and provide a rule of conduct. This does not necessarily mean that the legislature must lay down a strict rule that must be followed by an administrative officer, but that an executive or commission may be vested by the legislative branch of the government with discretion, within certain limits, in carrying out the provisions of a statute.'

"Likewise, in In re Appeal of Beasley Brothers, 206 Iowa 229, at page 233, 220 N. W. 306, 308, we again said:

" 'In the nature of things, there is no high wall or definite line of demarcation between the different governmental departments. Necessarily they gradually merge and blend into each other. Administrative officials must on numerous occasions in practice (subject to review by the courts) act judicially. Occasionally administrative functions * * * must be exercised by courts. But, in the main, the three classes of governmental powers are separate and distinct.' "

No government, embodying the principles of the separation of power could function if the legislature were prohibited from conferring power or authority of any character upon executive or administrative officials. The cases demonstrate that no such arbitrary prohibition is intended. In determining whether a statute authorizing the adoption of rules and regulations involved an unconstitutional delegation of legislative power, the issue is not whether any such authority has been delegated but rather is as to the nature of the authority involved.

If it is "strictly and exclusively legislative" in character, it cannot be delegated. If it is not of that restricted character, it may be.

When the legislature declares a general rule and prescribes the circumstances under which it shall apply but in such gen-

eral terms as to require that authority be delegated to others "to fill up the details" by rule or regulation, the weight of authority is that the "strictly and exclusively legislative" power has not been delegated. When the legislature lays down an intelligible and complete declaration of policy which is definite in describing the subject to which it relates or to the field wherein it shall apply, and the character of regulation which is intended to be imposed, it is proper to leave to a nonlegislative body the manner in which that general policy shall apply to varying situations.

The Supreme Court of the United States in the recent case of Panama Refining Company v. Ryan (1935), 293 U. S. 388, 421, 55 S. Ct. 241, 248, 79 L. Ed. 446, 459, said:

"The Constitution has never been regarded as denying to the Congress the necessary resources of flexibility and practicality, which will enable it to perform its function in laying down policies and establishing standards, while leaving to selected instrumentalities the making of subordinate rules within prescribed limits and the determination of facts to which the policy as declared by the legislature is to apply. Without capacity to give authorizations of that sort we should have the anomaly of a legislative power which in many circumstances calling for its exertion would be but a futility."

In the Goodlove v. Logan case, 217 Iowa 98, 251 N. W. 39, had this court held the grant of authority to the highway commission to be valid and found the rule to be within the sphere of a proper grant of authority, there is nothing in the opinion in that case to indicate that the offender could have escaped the statutory punishment. No decision holding that a statutory imposition of criminal penalty for violation renders the nonlegislative rule, regulation or finding invalid or unconstitutional, has come to our attention, and we expressly disclaim any intent to so hold either in the Goodlove case or in this case. To so hold would be merely to say in meaningless and abstract language that power to adopt unenforceable and impotent findings, rules and regulations may be granted by the legislature without offending the implied constitutional inhibition against delegation of legislative power, but no rules, regulations or findings that are enforceable or potent are of any validity.

When we come to analyze the language of section 1703-d12,

we find that it grants what Justice Cardozo of the United States Supreme Court described in the Panama Refining Company case, supra, as a "roving commission" and a "vagrant and unconfined" power to establish and make law. There is no sufficient "yardstick" or statement of legislative policy in the broad grant of power to the conservation commission to "adopt rules and regulations—whenever * * * such regulations shall be desirable for the proper use and conservation of the resources of the State." Such delegation of power, without definition of legislative policy and standard, amounts to surrender by the legislature to the commission of its duties. This cannot be done in keeping with the spirit and intent of the Constitution, and it is therefore our holding that the rules and regulations so adopted and published by the state conservation commission are without authority and void.

It follows that the district court was right in sustaining the demurrers to the informations referred to and involved in this appeal. And this case must be, and it is hereby, affirmed.—Affirmed.

Chief Justice and all Justices concur.