STATE OF IOWA, appellant, v. LARRY M. RIVERA, appellee.

No. 52441.

(Reported in 149 N.W.2d 127)

MARCH 7, 1967.

Richard C. Turner, Attorney General, Gerald R. Ralph and Joseph W. Zeller, Assistant Attorneys General, and Ray Yarham, of Atlantic, County Attorney, for appellant.

Harold DeKay, of Atlantic, for appellee.

BECKER, J.—Defendant was accused of prohibited passing in violation of section 321.304(3), Code, 1966, in that he "did overtake and pass another motor vehicle where yellow line and sign were so placed to prohibit same contrary to the statutes." He moved to dismiss on the ground that section 321.304(3) constitutes an unconstitutional delegation of power. The court sustained the motion. The State appeals. The pertinent Code sections are:

"321.304. Prohibited passing. No vehicle shall, in overtaking and passing another vehicle or at any other time, be driven to the left side of the roadway under the following conditions: * * *

"3. Where official signs are in place directing that traffic keep to the right or a distinctive center line or off-center line is marked, which distinctive line also so directs traffic as declared in the sign manual adopted by the state highway commission."

"Section 321.252. Highway commission to adopt sign manual. The state highway commission shall adopt a manual and specifications for a uniform system of traffic-control devices consistent with the provisions of this chapter for use upon highways within this state. Such uniform system shall correlate with and so far as possible conform to the system then current as approved by the American association of state highway officials. * * *

"Section 321.253. Highway commission to erect signs. The state highway commission shall place and maintain such traffic-control devices, conforming to its manual and specifications, upon all primary highways as it shall deem necessary to indicate and to carry out the provisions of this chapter or to regulate, warn, or guide traffic. Whenever practical, said devices or signs shall be purchased from the board of control."

The question to be determined is the constitutionality of section 321.304(3) set forth above. Reference to other statutory provisions will be made where necessary.

I. Regularly enacted statutes are presumed to be constitutional. Tice v. Wilmington Chemical Corporation, 259 Iowa 27, 141 N.W.2d 616, 143 N.W.2d 86. The power to de-

clare legislation unconstitutional is one which courts exercise with great caution, and only when such conclusion is unavoidable. Cook v. Hannah, 230 Iowa 249, 297 N.W. 262.

In Danner v. Hass, 257 Iowa 654, 662, 134 N.W.2d 534, 540, we said: "However, the trend of authority is to uphold a considerable vesting of discretion in the department for the purpose of promoting the public safety. The use of motor vehicles on the highways is so patently proven dangerous that we should be slow to strike down any legislation designed to alleviate at least some of the attendant hazards."

■ II. With these prior pronouncements in mind we proceed. Wall v. County Board of Education, 249 Iowa 209, 228, 86 N.W.2d 231, states: "We recognize that the legislature cannot delegate its purely legislative powers. However, it may declare general rules as to functions and powers of boards, commissions and administrators of departments. Authority as to details and promulgation of rules and regulations to carry out legislative directions and policies may be delegated."

Thus, the legislature may delegate to boards and commissions the power to carry out the purposes of the statute provided proper guidelines are legislatively supplied. Defendant concedes this to be the law but contends the legislative guidelines have not been adequately supplied here. We disagree.

■ III. In addition to the standards provided in section 321.304 the legislature has provided in section 321.303 that: "No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken." Additionally the legislature directed the state highway commission to adopt a manual of uniform traffic control devices. In section 321.304 the legislature clearly contemplates that among those devices will be signs, or distinctive lines on the pavement, or both, along the highway telling the motorist to keep to the

right. The pavement lines are, of course, the "yellow line" so familiar to every motorist.

We consider that the sections of chapter 321 cited herein are in *pari materia* within the meaning of Lewis Consolidated School District v. Johnston, 256 Iowa 236, 127 N.W.2d 118, and cases cited in that opinion. In the Lewis case we held that a legislative intent, to make standards set up in other sections of the school laws applicable to section 257.18, did not appear. We find to the contrary here. The interrelation of sections 321.252, 321.253, 321.303 and 321.304(3) makes application of the in *pari materia* principle unavoidable.

 It is the legislature, not the commission, that has made it a crime to cross a yellow line while passing. The commission is directed to place the devices where necessary to carry out the provisions of the chapter. Local authorities are authorized to do likewise on highways under their jurisdiction. Each does so under the guidelines found in chapter 321. It is well within the power of the legislature to prohibit violation of the visual, clear-cut, necessary traffic regulation.

IV. Defendant argues: "The evil in section 321.304(3) is that after mentioning every conceivable situation where passing might be unsafe, the legislature then went on to tack subsection 3 onto section 321.304." We look at the problem differently. We may concede (without deciding) the broad premise that the legislature covered every conceivable situation where passing might be unsafe. The areas thus covered by the legislature are the very guidelines necessary to the grant of authority. The legislature then said: "Where these markers are in place it is against the law to disobey them." It is against the law to disobey the prohibitions against passing where vision is limited to less than 700 feet, or where approaching within 100 feet of an intersection, or any of the other listed prohibitions. To aid all motorists to obey such laws special directive signs are provided by the State. The signs aid the careful and serve as an additional warning for those who may be less careful.

██ If, as later claimed by the defendant, the commission can, and does, place the directing signs at places not covered

by subsections 1 and 2 of 321.304, the guidelines may be found in other sections of chapter 321. Section 321.303 prohibits passing unless the way is clear for a sufficient distance to be done without interfering with oncoming traffic. This is a broader criterion that also guides the commission. Yet we find it to be sufficiently definite to serve as a basis for the grant of authority contained in section 321.304(3).

■ If, under a given situation, the judgment of the highway commission requires the yellow line to be carried more than 700 feet, such action would, unless arbitrary or capricious, be justified by the legislature's order to carry out the purposes of the chapter. We think it fair to say that one of the primary purposes of the chapter is the safe and sane regulation of the hazardous business of motor vehicle transportation.

■ We should add that where there are sufficient guidelines the quotation from Spurbeck v. Statton, 252 Iowa 279, 286, 106 N.W.2d 660, is still applicable: "We conclude the commissioner is not given arbitrary or discriminatory discretion by the statute in question. Nor can it be urged that he may not act fairly in all cases. It must be assumed that public officers will act fairly and impartially, and a statute will not be held unconstitutional because of a supposed possibility they will not do so. Brady v. Mattern, 125 Iowa 158, 169, 100 N.W. 358, 362, 106 Am. St. Rep. 291."

■ The legislature recognized, as do we, that statutes cannot always detail motor vehicle safety regulations under all highway conditions. It therefore has, in certain areas, given the State Highway Commission authority to carry out the purposes of its statutes. The guidelines are sufficient. Violation of the visual directions on the highway has been prohibited. We hold the statute in question to be constitutional.

V. Defendant relies strongly on Goodlove v. Logan, 217 Iowa 98, 251 N.W. 39, and State v. Van Trump, 224 Iowa 504, 275 N.W. 569. In those two cases it may fairly be said that the legislature did in fact attempt to confer on the administrative bodies, the State Highway Commission and the State Conservation Commission respectively, lawmaking functions. Both statutes gave the commissions the right to adopt rules and made

violation thereof a misdemeanor. Neither contained any expression of policy or delineation of guidelines. We will not extend this opinion by a detailed comparison of statutes. Suffice to say that the attempted grant of authority in the statutes challenged in those cases was too broad to be constitutionally permissible. The grant of authority here is sufficiently restricted.

Much the same comment may be made in relation to Lewis Consolidated School District v. Johnston, 256 Iowa 236, 127 N.W.2d 118, which is also relied upon by defendant. In that case and in State v. Van Trump, supra, the statutes gave the administrator a broad power to prescribe standards or rules "in accordance with law, *and as it may find desirable in carrying out* the provisions of the Iowa * * * laws." (Emphasis in Lewis Consolidated School District v. Johnston) No such broad grant is attempted here.

Spurbeck v. Statton, supra, cited by defendant, upheld the legislative grant of power to the commission to suspend the license of an operator without notice upon a showing by its records or other sufficient evidence that the licensee has committed an offense for which mandatory revocation of license is required on conviction. Nothing we have said here is contra either to the reasoning or result in that case.

Much has been written about the problem of legislative delegation of power. Many apt quotations are to be found in the cited cases. We content ourselves with the following from Goodlove v. Logan, supra, on page 106 of 217 Iowa:

"In the case of McLeland v. Marshall County, 199 Iowa 1232, at page 1238, 201 N.W. 401, 403, 203 N.W. 1, it is said:

 " 'It may be stated, in a general way, that it is for the legislature to determine what the law shall be, to create rights and duties, and provide a rule of conduct. This does not necessarily mean that the legislature must lay down a strict rule that must be followed by an administrative officer, but that an executive or commission may be vested by the legislative branch of the government with discretion, within certain limits, in carrying out the provisions of a statute.'

"And again on page 1240 of this same opinion this court said:

" 'It is said in 1 Sutherland on Statutory Construction, section 88:

" ' ' "The true distinction is between the delegation of power to make the law, which involves a discretion as to what the law shall be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no valid objection can be made." ' '

We find no valid objection here.—Reversed.

All Justices concur.