BOARD OF EDUCATION OF COMMUNITY SCHOOL DISTRICT OF
OWASA et al., appellants, v. BOARD OF EDUCATION OF
HARDIN COUNTY et al., appellee.

No. 52384.

(Reported in 149 N.W.2d 187)

218

MARCH 7, 1967.

Hobson, Cady & Drew, of Hampton, for appellants.

Allen M. Oppen and Don W. Barker, both of Iowa Falls, for appellee.

STUART, J.—The sole question presented by this appeal is whether section 275.1, Code of Iowa, as amended by chapter 240 of the Acts of the Sixty-first General Assembly, violates Article III, section 1, of the Iowa Constitution as an unlawful delegation of legislative power and authority to county boards of education. The trial court upheld the constitutionality of the statute and plaintiffs have appealed.

"All presumptions are indulged in favor of constitutionality; one who attacks a statute, alleging unconstitutionality, must prove its invalidity beyond a reasonable doubt; that a law may work hardship does not render it unconstitutional; if any reasonable basis may be conceived which supports the statute, it will be upheld, and the challenger must negative all possible bases; the courts are not concerned with the wisdom, justice, policy or expediency of a statute; and we will adopt a liberal interpretation of the Constitution in favor of the constitution-

ality of legislation." Danner v. Hass, 257 Iowa 654, 661, 134 N.W.2d 534; Spurbeck v. Statton, 252 Iowa 279, 283, 106 N.W.2d 660, 663.

The challenged portions of section 275.1 are as follows: "It is further declared to be the policy of the state that all the area of the state shall be in a district maintaining twelve grades by July 1, 1966. If any area of the state is not a part of such a district by April 1, 1966, or is not included in a reorganization petition filed in accordance with section 275.12 on or before April 1, 1966, the area shall be attached by the county board of education to a district or districts maintaining twelve grades, such attachment to become effective July 1, 1966, and provided such attachment has the approval of the state board of public instruction. Any such district or part thereof attached by the county board of education, with the approval of the state board of public instruction, shall have the right to appeal this attachment to a court of record in the county in which said district or part thereof is located within twenty days after the date of the approval by the state board of public instruction."

■ I. The parties argue the constitutionality of the statute on the basis of the adequacy of legislative standards and guidelines within which the county boards of education must act in attaching the nonhigh school district to a district or districts maintaining a twelve-grade high school.

Cases are cited which have considered this issue. In each instance we determined whether the statute in question and those in pari materia furnished adequate standards and guidelines. Goodlove v. Logan, 217 Iowa 98, 251 N.W. 39; State v. Van Trump, 224 Iowa 504, 275 N.W. 569; Spurbeck v. Statton, 252 Iowa 279, 106 N.W.2d 660; Lewis Consolidated School District v. Johnston, 256 Iowa 236, 127 N.W.2d 118; Wall v. County Board of Education, 249 Iowa 209, 86 N.W.2d 231; Miller v. Schuster, 227 Iowa 1005, 289 N.W. 702; Danner v. Hass, 257 Iowa 654, 134 N.W.2d 534; Davies v. Monona County Board of Education, 257 Iowa 985, 135 N.W.2d 663.

Here, we are not concerned with broad delegations of legislative power present in the above cited cases. The scope of the authority delegated to the county boards of education by the

statute in question is quite limited. The legislature established the policy that all areas of the state are to be in a high school district. The county boards of education were directed to carry out that policy in the manner specified in the statutes. The only discretion granted the county boards was in determining to which high school district or districts the nonhigh school district should be attached. Even this authority must necessarily be exercised within the other policy statements contained in section 275.1 including compliance with the county plan previously formulated.

█ Appellants argue that as the stipulation states the attachments "would be made substantially according to the said Joint County Plan of school reorganization" rather than requiring strict compliance, it shows the county board "assumed to have and acted as though they had the indiscriminate right" to disregard the plan and had the arbitrary right to make the attachments as they desired. We do not believe this argument aids appellants here. No attack is made on the ground that the attachment was an abuse of discretion in that it did not follow the county plan. The trial court's finding that the attachment was made in accordance with the county plan is not questioned. In any event, the constitutionality of a statute is not determined by the actions of the county board of education in attempting to carry out the legislative mandate.

It is doubtful if such a narrow grant of authority even requires further guidelines or standards, but in this instance, we have no difficulty in finding sufficient standards to uphold the constitutionality of the questioned statute.

█ II. The constitutionality of this statute can be upheld for a second and more basic reason which was not argued. This was a delegation of limited legislative authority to a local governing body. In Koelling v. Board of Trustees of Mary F. Skiff Memorial Hospital, 259 Iowa 1185, 1192, 146 N.W.2d 284, 288, 289, we held the general doctrine prohibiting the delegation of legislative authority has no application to legislation vesting part of the legislature's power over local matters in appropriate political subdivisions.

Under existing statutes the establishing of district boundaries is a proper legislative function of county boards of education. Davies v. Monona County Board of Education, 257 Iowa 985, 135 N.W.2d 663, 668; In re Community School District of Malvern, 250 Iowa 1240, 98 N.W.2d 737, 741.

The decision of the trial court is affirmed.—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting.