C. R. ZILM et al., appellees, v. ZONING BOARD OF ADJUSTMENT POLK COUNTY and EUGENE R. SEVERS, d/b/a MacMillan Oil Company, appellants.

No. 52142.

(Reported in 150 N.W.2d 606)

MAY 2, 1967.

Chris Becker, Assistant County Attorney, of Des Moines, for appellant Zoning Board of Adjustment.

McWilliams & Gross, of Des Moines, for appellant Eugene R. Severs, d/b/a MacMillan Oil Company.

Stewart, Miller, Wimer, Brennan & Joyce, of Des Moines, for appellees.

GARFIELD, C. J.—This is a companion case to Jersild v. Sarcone, 260 Iowa 288, 149 N.W.2d 179. Reference to the plat on page 291 will aid in visualizing the physical layout. Why the two cases could not have been consolidated or brought as one is not clear.

On May 11, 1964, Eugene R. Severs, d/b/a MacMillan Oil Company, applied to the administrative officer of the Polk County zoning commission for a certificate or permit to erect five tanks for storage of a nonflammable liquid upon a portion of the right-of-way of Inter-Urban Railway Company leased to him (he owns part of it) just outside the city limits of Des Moines. A certificate was issued the same day.

On May 13 plaintiffs, owners of nearby property, appealed to the zoning board of adjustment from the action of the administrator in issuing the certificate. On June 17, following hearings, the board "established" the south boundary line of the M-1, light industrial, district in which the property leased to Severs and owned by him is located, and the north boundary line of the R-3, multiple residence, district to the south as the center of Hancock Street from its west end to its intersection with Oxford Street on the east. (See the plat page 291 of 260 Iowa, page 182 of 149 N.W.2d) The board also rescinded the certificate or permit granted Severs by the zoning administrator and ordered that he must comply with requirements of the county zoning ordinance as to all pertinent setbacks from the R-3 district.

Plaintiffs, property owners, petitioned the district court for review, under Code sections 358A.18 and 358A.19, of the board's order thus establishing the south boundary of the M-1 district and the north boundary of the R-3 district. A writ of

certiorari issued and the board filed its return thereto. Following a hearing in district court, largely on the return and exhibits attached but with additional testimony of Donald A. Anderson, the court first dismissed plaintiffs' petition.

After plaintiffs, in effect, moved for reconsideration of the matter the court reversed his previous decision and held the action of the board of adjustment in establishing the district boundary lines as above stated was illegal as an exercise of a legislative function—the establishment of zoning districts—which the state legislature had delegated to the county board of supervisors by Code section 358A.4 and it, in turn, could not delegate the function to the board of adjustment. The court also fixed the south boundary of the M-1 district as the north line of Hancock Street. The county board of adjustment and Severs, who intervened in the action, have appealed to us.

Two errors are assigned. Insofar as they need be considered, they are: (1) The court erred in holding that the board of adjustment is without power to interpret boundaries of zoning districts; and (2) the court erred in finding that the south boundary of the M-1 district is the north line of Hancock Street.

I. We consider the appeal only on the assigned errors. Our review is not de novo. Jersild v. Sarcone, supra, 260 Iowa 288, 292, 149 N.W.2d 179, 183, and citation; Schultz v. Board of Adjustment of Pottawattamie County, 258 Iowa 804, 806, 139 N.W.2d 448, 450.

Although the trial court's review is de novo in the sense that testimony in addition to the return may be taken if it appears to the court necessary for proper disposition of the matter, the testimony should be confined to the questions of illegality raised by the petition for the writ of certiorari. Anderson v. Jester, 206 Iowa 452, 463, 464, 221 N.W. 354; Schueller v. Board of Adjustment, 250 Iowa 706, 708, 709, 95 N.W.2d 731, 733; Deardorf v. Board of Adjustment, 254 Iowa 380, 383, 118 N.W. 2d 78, 80.

II. It may be taken as true, as plaintiffs contend, that the establishment of zoning districts is a legislative function the state legislature has delegated to the county board of super-

visors by Code section 358A.4 and it, in turn, may not delegate this function to the zoning board of adjustment. It is also true that the minutes of the action taken by the board of adjustment here read that the south boundary of the M-1 district and the north boundary of the R-3 district "be established as a line in the center of Hancock Street" from its west end to its intersection with Oxford Street.

However, we are not persuaded it follows from the quoted language that the board of adjustment established either of these zoning districts, in the prohibited sense plaintiffs contend for, by the action taken nor that its action was illegal as claimed by them.

Code section 358A.15 provides, so far as pertinent: "The board of adjustment shall have the following powers: 1. To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of this chapter *or of any ordinance adopted pursuant thereto."* (Emphasis added.)

The board determined that in order to decide whether the permit issued to Severs was valid it should first locate the boundary line or lines between the M-1 and R-3 districts. Otherwise it would not be known whether the setback requirements of the ordinance could be met.

The zoning map attached to the zoning ordinance shows that the south line of the M-1 district extends to the south of the tracks of the Inter-Urban Railway, approximately to Hancock Street but does not show the exact line. The large map prepared when the ordinance was adopted also does not clearly show this exact line. Plaintiffs' brief admits this large map is not clear as to just where the boundary is.

Going to the terms of the ordinance, we find this on page 10, subsection 1, Article V, under the head "Districts, Boundaries Thereof, and Interpretation of Boundaries": "Boundaries indicated as approximately following the center line of streets, highways, or alleys, shall be construed to follow such center lines."

Subsection 7, under the same heading, provides: "Where physical or cultural features existing on the ground are at

variance with those shown on the official zoning, or in other circumstances not covered by subsections 1 through 6 above, the Board of Adjustment shall interpret the district boundaries."

Appellants contend, and we are inclined to agree, these provisions of the ordinance are broad enough to authorize the action of the board of adjustment here in relation to the south boundary of M-1 district and the north boundary of R-3 district. If the word "construed" had been used in the minutes of the board's action instead of "established" perhaps our conclusion would be somewhat more apparent. We are not disposed to attach controlling importance to the board's choice of words.

III.   Under a record very similar to that here, Jersild v. Sarcone, supra, 260 Iowa 288, 297, 149 N.W.2d 179, 186, concludes "Although not decisive in this appeal, we are satisfied under the record that the board did not err in determining the boundary line between districts M-1 and R-3 was the center line of Hancock Avenue."

IV.   The trial court held and plaintiffs argue the provision of the zoning ordinance which directs the board of adjustment, under the stated circumstances, to interpret district boundaries is an invalid delegation of legislative authority. The argument is that the provision violates Article III, section 1, Iowa Constitution, which divides the powers of state government into three departments and prohibits anyone charged with exercise of powers belonging to one department from exercising any function pertaining to either of the others except as the constitution permits. As indicated in Division II, supra, we disagree with this argument.

The presumption of constitutionality of a state statute is, of course, elementary. A statute will not be declared unconstitutional unless it clearly, palpably and without doubt infringes the constitution. We have repeatedly said in various ways that every reasonable doubt must be resolved in favor of constitutionality. Hansen v. Haugh, 260 Iowa 236, 245, 149 N.W.2d 169, 174, and citations; Board of Education of Community School District v. Board of Education of Hardin County, 260 Iowa 217, 218, 149 N.W.2d 187, 188, and citations.

■ It is also well settled that when the constitutionality of an ordinance is challenged all reasonable intendments must be indulged in favor of its validity. Plaza Recreational Center v. Sioux City, 253 Iowa 246, 252, 253, 111 N.W.2d 758, 762, 763, and citations; Wilkins v. San Bernadino, 29 Cal.2d 332, 175 P.2d 542, 547.

"The strong presumption in favor of a legislative act applies as well to zoning ordinances, * * *." Brackett v. City of Des Moines. 246 Iowa 249, 260, 67 N.W.2d 542, 547.

We are not concerned here with any broad delegation of legislative power. The scope of the authority the ordinance delegates to the board of adjustment is quite limited. The county board of supervisors established the zoning districts, as section 358A.4 permits. The only authority delegated to the board of adjustment exercised here was to interpret one boundary of each of two districts which does not clearly appear from the ordinance and the zoning map. Even the narrow authority thus delegated must necessarily be exercised within the policy statements contained in Article V, page 10, and elsewhere in the ordinance. See Board of Education of Community School District v. Board of Education of Hardin County, supra, 260 Iowa 217, 149 N.W.2d 187, 189, and citations.

Also in point, by analogy, is State v. Rivera, 260 Iowa 320, 323, 149 N.W.2d 127, 130, which recognizes that while a legislative body may not delegate its purely legislative powers, it may declare general rules as to functions and powers of boards and administrators of departments.

" 'Authority as to details and promulgation of rules and regulations to carry out legislative directions and policies may be delegated.'

"Thus, the legislature may delegate to boards and commissions the power to carry out the purposes of the statute provided proper guidelines are legislatively supplied."

See also Schultz v. Board of Adjustment of Pottawattamie County, supra, 258 Iowa 804, 139 N.W.2d 448, 452–453, and citations.

■ V. As plaintiffs contend and as indicated in the preceding Division IV, any delegation of authority to an admin-

istrative agency must be accompanied by sufficient guides or standards so the action taken will not be arbitrary or capricious and there is no delegation of unlimited power. Chicago, R. I. & P. R. Co. v. Liddle, 253 Iowa 402, 406–408, 112 N.W.2d 852, 854, 855, and citations; Schultz v. Board of Adjustment of Pottawattamie County, supra, at page 807 of 258 Iowa, page 450 of 139 N.W.2d.

Unlike the ordinance in the Liddle case, we are satisfied this one contains sufficient standards for guidance of the board of adjustment both as to procedure to be followed and determination of the merits of such an appeal as plaintiffs took here. We refer in Division II, supra, to the statement of policy in subsection 1, Article V, of the ordinance. It seems to be about as definite a statement as could be made without depriving the board of adjustment of all discretion in a matter of this kind.

We may observe that the trend of modern decisions is to liberalize the setting of standards and to require less exactness in them in legislative enactments. Schultz case, supra, at page 810 of 258 Iowa, page 452 of 139 N.W.2d, and citations.

VI. The trial court not only held invalid the action of the board of adjustment as to the boundary between the M-1 and R-3 districts and the provision of the zoning ordinance directing the board to interpret district boundaries under stated conditions, but found from the exhibits and testimony of Donald A. Anderson that the south boundary of the M-1 district is the north line, rather than the center, of Hancock Street. We must sustain appellants' second assignment that this was error.

If it were true, as plaintiffs contend and the court held, the fixing of the boundary in question is the exercise of a legislative function which only the board of supervisors may perform, the trial court could no more fix the boundary than could the board of adjustment. "It is not the function of courts to legislate and they are constitutionally prohibited from doing so." Hansen v. Haugh, supra, 260 Iowa 236, 241, 149 N.W.2d 169, 172.

Nor could the court substitute his judgment for that of the board of adjustment in the absence of arbitrary, unreasonable or capricious action by the board which does not appear

here. Anderson v. Jester, supra, 206 Iowa 452, 463, 221 N.W. 354.

Donald A. Anderson is a consulting engineer who was instrumental in preparing the zoning ordinance and map attached thereto. He testified at one of the hearings before the board of adjustment and prepared a small map for the board's use. He also testified at the hearing before the district court. Over objection by appellants' counsel, he explained to the court that normally where different zoning districts are on opposite sides of the street the boundary between them would be the center of the street but it would be his opinion that on the original large zoning map the M-1 district came to the north line of Hancock Street and the R-3 district to the south line of the same street. (This of course would leave Hancock Street between the two districts.)

On cross-examination in court Mr. Anderson testified that in interpreting district boundaries the guidelines set out in the ordinance are taken into consideration, it is a very reasonable approach to fix the boundary line as the center of Hancock Street and if the street were ever vacated the line would be in the center of the strip vacated. The witness also said, on redirect examination, it is not necessary to zone public streets because there is no building on them and his interpretation of the map is that Hancock was not zoned.

We think Mr. Anderson's testimony insufficient basis for fixing the district boundaries as the trial court did. It was the function of the board of adjustment to interpret the boundary lines in question. There is no basis for finding the board did not act reasonably—in fact Mr. Anderson testified, in effect, the board acted very reasonably.

VII. The trial court taxed costs of the appeal to defendants whom we understand to be the board of adjustment. Severs intervened but was not a defendant. Code section 358A.21 provides, so far as pertinent: "Costs shall not be allowed against the board unless it shall appear to the court that it acted * * * in bad faith * * * in making the decision appealed from."

Appellees agree that costs of the appeal could not be taxed to the board unless it acted in bad faith in making its

decision but assert it did so act. There is no basis for finding the board acted in bad faith and costs should not have been taxed to it. Jersild v. Sarcone, supra, 260 Iowa 288, 299, 149 N.W.2d 179, 187.

Costs of the appeal to this court are taxed to plaintiffs.

There has been no appeal from the action of the board in rescinding the building certificate or permit issued to Severs by the zoning administrator and such action is not affected by this opinion.

For order pursuant to this opinion the cause is—Reversed and remanded.

All JUSTICES concur except THORNTON, J., not sitting.