Porter DIMERY, individually and as next friend of Ronnell Dimery, a minor, Betty Jo Dimery, and on behalf of all other persons similarly situated, Plaintiffs,

v.

DEPARTMENT OF SOCIAL SERVICES OF the STATE OF IOWA and James N. Gillman, Commissioner, Defendants.

Civ. No. 8–2386–C–1.

United States District Court,
S. D. Iowa, C. D.

Oct. 27, 1969.

Robert C. Oberbillig and Kent B. Willis, Des Moines, Iowa, for plaintiffs.

Richard C. Turner, Atty. Gen. of State of Iowa and Lorna Lawhead Williams, Sp. Asst. Atty. Gen. of State of Iowa, Des Moines, Iowa, for defendants.

Paul M. Dodyk and Sylvia Ann Law, New York City, amici curiae on behalf of Center on Social Welfare Policy and Law.

Before VAN OOSTERHOUT, Circuit Judge, and STEPHENSON and HANSON, District Judges.

## MEMORANDUM OPINION

STEPHENSON, District Judge.

The plaintiffs instituted this class action against the Department of Social Services of the State of Iowa, hereinafter referred to as "the Department," and Maurice A. Harmon, Commissioner of said Department, for declaratory and injunctive relief. James N. Gillman subsequently replaced Maurice A. Harmon as Commissioner, and is substituted for him pursuant to Rule 25(d), Fed.R.Civ. P. Plaintiffs seek a declaration that portions of Sections 239.1 and 241A.2, Code of Iowa (1966), and certain regulations promulgated by the Department pursuant to Section 249A.4 of the Code are unconstitutional as a denial of the equal protection and due process of law clauses of the 5th and 14th Amendments to the United States Constitution. Plaintiffs also seek an injunction against the application thereof. Jurisdiction exists under 28 U.S.C. § 1343.

Plaintiff Ronnell Dimery is a 14 year old boy who suffers from a disease called transverse myelitis. The complaint alleges that Ronnell is permanently disabled, and that he is presently confined to a wheel chair and unable to walk. It is further claimed that, if certain medical services, including physical therapy and training, can be provided to him, Ronnell may eventually learn to walk with the aid of crutches and braces. Plaintiffs Porter and Betty Jo Dimery are the father and mother respectively of Ronnell. Porter Dimery is presently employed as a meatcutter for a super market in Des Moines. His weekly income is approximately $125.00. The evidence in the record indicates that during the period between September 19, 1968 and January 15, 1969, the cost of hospitalization and other medical expenses in connection with Ronnell's

disease was in excess of $5,700. The evidence further indicates that medication for Ronnell currently costs approximately $20.00 per week and that physical therapy and other medical expenses, if available to Ronnell, would cost approximately $50.00 per week.

Prior to June 3, 1969, plaintiff Porter Dimery made application for Aid for Dependent Children (ADC) under Chapter 239, Code of Iowa (1966), and for medical assistance under Chapter 249A of the Code. These claims were rejected by the Polk County Board of Social Welfare. The only reason given for rejection was that his "children are not deprived of parental care or support."[1] He had also applied for Aid to Disabled Persons under Chapter 241A on behalf of Ronnell, and this claim was also rejected. The only reason stated for this rejection was that a person "must be 18 years of age to be eligible" for such aid.[2] Notices of appeal were timely filed from these decisions. A hearing was held on July 10, 1969, and the decisions of the Polk County Board of Social Welfare were each affirmed by the Commissioner of the Department of Social Services on July 16, 1969. No appeal from the determination of the Commissioner was taken to the state district court.

At the outset it would be well to state clearly what is and what is not involved in this action. Plaintiffs seek a declaration that the specified portions of Sections 239.1 and 241A.2, and of the regulations pursuant to Section 249A.4 are unconstitutional and invalid, and further seek an injunction to restrain the application thereof to prevent further consideration of their eligibility under the various welfare programs. More specifically, plaintiffs claim that a portion of Section 239.1 (ADC) and the regulations promulgated pursuant to Section 249A.4, commonly referred to as ADC—medical only (ADC-MO) are unconstitutional and invalid for the reason that they require that there be an "absent parent" from the home before assistance is granted; and further, that that part of 241A.2 which requires an applicant to be more than 18 years of age as a condition of receiving medical assistance as a disabled individual is likewise unconstitutional as a denial of equal protection and due process of the law as required by the Fifth and Fourteenth Amendments to the Constitution. Plaintiffs do not seek from this Court a declaration that they are or would be eligible under any of said programs, nor are they seeking this Court to decree payments thereunder to them. Whether or not the plaintiffs, or any of them, meet all of the other eligibility requirements for any or all of the programs has never been determined by any responsible official, and is irrelevant to the issues presented by this action.

■ The Court has considered defendants' motion to dismiss and for summary judgment and finds them to be without merit. Dismissal of the complaint upon the ground of lack of jurisdiction would be justified only if the claim were "so attenuated and unsubstantial as to be absolutely devoid of merit" or "frivolous." Baker v. Carr, 369 U.S. 186, 199, 82 S.Ct. 691, 7 L.Ed. 2d 663 (1962). That the claim is un-

---

1. Section 239.1, Code of Iowa (1966) defines a "dependent child," for purposes of eligibility for aid under the Aid to Dependent Children (ADC) program, as "a needy child * * * who has been deprived of parental support and care by reason of the death, continued absence from the home, or physical or mental incapacity or unfitness of either parent. * * *" This definition conforms to that contained in § 406 of the Social Security Act, as amended, 42 U.S.C. § 606. The regulations of the defendant Department, pursuant to Section 249A.4 of the Code require that a person be eligible for Old Age Assistance, Aid to Dependent Children, Aid to the Blind, or Aid to Disabled Persons in order to be eligible for medical assistance pursuant to Chapter 249A, Code of Iowa (1966).

2. Section 241A.2 requires an applicant to be "more than eighteen years of age and less than sixty-five years of age" to be eligible for Aid to Disabled Persons.

substantial must be "very plain." *Id.* While we do not reach plaintiffs' constitutional claims in this opinion, the Court cannot say that they are absolutely devoid of merit or frivolous. The complaint clearly states a claim for relief under 28 U.S.C. § 1343. Having jurisdiction over this case as a result of the substantial constitutional questions presented, the Court may exercise ancillary or pendent jurisdiction over the entire case, including non-federal grounds arising from the same cause of action. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933); 1 Barron & Holtzoff, Federal Practice and Procedure § 23 (1960). Furthermore, it has been conclusively settled that plaintiffs' failure to exhaust state remedies available to them will not defeat their right to bring this action. King v. Smith, 392 U.S. 309, 312 & n. 4, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967).

While there is no recorded legislative history such as committee reports or recorded debates to aid in ascertaining the intent or purpose of the General Assembly of Iowa in passing this statute, it would appear to the Court that Chapter 249A was enacted for the purpose of implementing the state's participation in, and taking full advantage of, the medical assistance provisions of Title XIX of the Social Security Act, 42 U.S.C. §§ 1396–1396g, which was added by the Social Security Amendments of 1965, 79 Stat. 286.

Section 1901 of Title XIX states:

"For the purpose of enabling each State, as far as practicable under the conditions in such State, to furnish (1) medical assistance on behalf of families with dependent children and of aged, blind, or permanently and totally disabled individuals, whose income and resources are insufficient to meet the costs of necessary medical services, and (2) rehabilitation and other services to help such families and individuals attain or retain capability for independence or self-care, there is hereby authorized to be appropriated for each fiscal year a sum sufficient to carry out the purposes of this subchapter. The sums made available under this section shall be used for making payments to States which have submitted, and had approved by the Secretary of Health, Education, and Welfare, State plans for medical assistance." 42 U.S.C. § 1396.

Section 1905 of Title XIX, 42 U.S.C. § 1396d, states in part:

"Definitions—medical assistance.

For purposes of this subchapter— (a) the term "medical assistance" means payment of part or all of the cost of the following care and services * * * for individuals, and, with respect to physicians' or dentists' services, at the option of the State, to individuals not receiving aid or assistance under the State's plan approved under subchapter I [Old Age Assistance and Medical Assistance to the Aged], X [Aid to the Blind], XIV [Aid to the Aged, Blind, or Disabled, or for Such Aid and Medical Assistance for the Aged], or part A of subchapter IV [Aid to Needy Families with Children] of this chapter, who are—

(i) under the age of 21,

    *   *   *   *   *   *

but whose income and resources are insufficient to meet all such cost—

(1) inpatient hospital services (other than services in an institution for tuberculosis or mental diseases);

(2) outpatient hospital services;

(3) [etc.]"

As originally proposed in House File 6675, Title XIX would have had application only to those receiving aid under one of the categories specified in Section 1901. However, pursuant to an amendment offered by Senator Ribicoff on

July 8, 1965,[3] the Act, as finally passed, applied, at the option of the State, to all needy children under the age of 21. See 111 Cong.Rec. 18346 (1965) (remarks of Senator Long) ; Conference Report No. 682, 89th Cong., 1st Sess. (1965), reprinted at 1965 U.S.Code Cong. & Admin. News, pp. 2228, 2246.

Chapter 249A of the Iowa Code referred to as the Medical Assistance Act, was enacted by the 62nd General Assembly and approved on March 15, 1967, effective July 1, 1967. The relevant portions of Chapter 249A, as amended, are as follows:

"249A.2 Definitions

When used herein:

1. The terms "department" or "state department" shall mean the state department of social services.

2. The term "county board" shall mean the county board of social welfare * * *

3. "Recipient" shall mean a person who receives medical assistance under this chapter.

249A.3 Eligibility.

Medical assistance may be provided under the provisions of this chapter to, or on behalf of, any individual or family residing in the state of Iowa, including those residents who are temporarily absent from the state, whose income and resources are insufficient to meet the cost of necessary medical care and services, and who has no spouse or parent responsible under the law of this state and found by the county board to be able to provide him or them with such needed medical care and services.

No assistance shall be granted to:

1. Any individual whose income, after deduction of health care expenses incurred by the applicant, exceeds one thousand six hundred dollars annually, or any family living together whose combined income, after deduction of health care expenses incurred by the family, exceeds one thousand six

hundred dollars for the first adult member plus eight hundred dollars for the second member and six hundred dollars for each additional member of the family. Income shall not include the value of gifts or services contributed in kind to the individual or family.

2. Any individual whose resources, after deduction of health care expenses incurred by the applicant, exceeds two thousand dollars, or any family living together whose combined resources exceed two thousand dollars for the first member, one thousand dollars for the second member, plus two hundred dollars for each additional member. The value of resources shall be the current market value minus any encumbrances against such resource or resources. In determining the foregoing, the following resources shall be excluded: Real property occupied as a residence; household goods and furnishings, an automobile, personal effects and tools necessary for the pursuit of a trade, occupation or profession of a market value not to exceed six thousand dollars and the cash surrender value of life insurance not to exceed one thousand dollars.

294A.4 Duties of the state department.

The state department:

1. Shall be the responsible authority for the effective and impartial administration of this chapter. To this end the state department shall formulate and establish such rules and regulations, outline such policies and prescribe such procedures as may be necessary or desirable to carry out the provisions of this chapter. Without limiting the generality of the foregoing, the state department may:

a. Define "medical assistance" by specifying the items for which assistance may be granted.

b. Determine the amount, duration and scope of such medical assistance,

---

3. See 111 Cong.Rec. 15933 (1965) (remarks of Senator Ribicoff).

provided, however, that the duration of inpatient hospital services shall not be less than that provided under Title XVIII of the federal Social Security Act, as amended, so long as funds are available.

c. Define the terms "health care," "family," "institution," "provider" and "resident."

d. Establish standards of, or qualifications for, eligibility which are more restrictive than those authorized by section 249A.3. In no event, however, shall eligibility standards or qualifications established pursuant to section 249A.3 or by the state department preclude persons receiving or eligible to receive old age assistance, aid to dependent children, aid to the disabled and aid to the blind from receiving medical assistance under this chapter.

e. Provide for payment of medical assistance rendered to any applicant prior to the date his application is filed."

\*　　\*　　\*　　\*　　\*　　\*

Pursuant to the authority granted by paragraph 1d of § 249A.4, the defendant Department adopted certain regulations which restricted eligibility for medical assistance to those also receiving or eligible to receive Old Age Assistance, Aid to Dependent Children, Aid to Disabled Persons, or Aid to the Blind. Employee's Manual, Department of Social Services, Section XII, Chapter 1 (revised November 25, 1968). Much of even this restricted program was abolished upon order of the Department because of fund limitations on March 27, 1969. General Letter 72–Q from A. Downing, Director of Bureau of Income Maintenance Services, to County Directors of Social Welfare, March 27, 1969.

■■ It appears to the Court that that Section 249A.4 raises a serious question of undue delegation of legislative power to an administrative agency. It is abundantly clear that Iowa law forbids the delegation of purely legislative functions to an administrative agency.

Lewis Consol. School Dist. of Cass County v. Johnston, 256 Iowa 236, 127 N.W.2d 118 (1964); State v. Van Trump, 224 Iowa 504, 275 N.W. 569 (1937); cf. Bulova Watch Co. v. Robinson Wholesale Co., 252 Iowa 740, 108 N.W.2d 365 (1961). On the other hand, certain powers of the legislature may be delegated to an administrative agency if the legislature "has laid down an intelligible and complete declaration of policy which is definite in describing the subject to which it relates or to the field wherein it shall apply," Lee Enterprises, Inc. v. Iowa State Tax Commission, 162 N.W.2d 730 (Iowa 1968), and if there are sufficient standards in the statute, or in some statute in pari materia thereto, to guide the administrators and to preclude arbitrary and irrational conduct. Lewis Consol. School Dist. of Cass County v. Johnston, supra.

It cannot be seriously contended that Section 249A.4 contains adequate standards. Section 249A.3 states that aid may be provided to "any individual \* \* \* whose income and resources are insufficient to meet the cost of necessary medical care and services, and who has no spouse or parent \* \* \* responsible under the law of this state, and found \* \* \* to be able to provide him \* \* \* with such needed medical care and services." (Emphasis supplied.) Under the plain terms of the statute, a person who is unable to meet the cost of necessary medical care and expenses from his own income and resources is eligible for medical assistance either if he has no spouse or parent required by the law of Iowa to provide the same for him, or, although he may have such a spouse or parent, the spouse or parent is unable to do so. Paragraph 1d of Section 249A.4 permits the Department to change the plain wording of the statute in any manner which it may desire. The failure of Section 249A.4 to provide any sufficient standards or guidelines is pointed up by the manner in which the Department has implemented it. Instead of determining whether an applicant has a spouse or parent able to provide the necessary medical care and services, aid is

denied if the applicant is a child who has both parents living together in the home, regardless of their ability to provide the said care and services. By granting to the Department the power to determine to whom and under what circumstances the statute shall apply, the legislature has completely abdicated its responsibility to make the laws and has surrendered this power to the Department. See Lewis Consol. School Dist. of Cass County v. Johnston, *supra*, 256 Iowa at 248, 127 N.W.2d at 126.

■ This case is unlike Lee Enterprises, Inc. v. Iowa State Tax Comm., 162 N.W.2d 730 (Iowa 1968), where the Iowa Supreme Court found that the State Tax Commission had merely been authorized to determine the fact of when a taxpayer falls within the class prescribed by the legislature as taxable. Here the Department is granted the power to specify the items for which assistance may be granted; to determine the amount, duration and scope of such assistance; to define the major terms of the statute; and to establish standards of, or qualifications for eligibility which are more restrictive than those established by the legislature in Section 249A.3. Except for the standards established by Section 249A.3 there are no guidelines in Chapter 249A by which the legislature establishes any policy to indicate under what circumstances the Department may set eligibility requirements different from those specified in Section 249A.3. The Department is granted complete, untrammeled and unregulated discretion to determine what the law shall be (by defining the various terms) and to whom and under what conditions the law shall apply. This the legislature may not do. It is therefore apparent that Section 249A.4, insofar as it purports to grant to the defendant Department the authority to establish the standards for the application of the medical assistance program "more restrictive than those authorized by Section 249A.3", is an invalid delegation of legislative power to the Department.

■ It follows, therefore, that the regulations promulgated by the Department, insofar as they attempt to restrict eligibility for medical assistance to those receiving or eligible to receive old age assistance, aid to dependent children, aid to the blind, or aid to the disabled are ultra vires and void. Without any guidelines from the legislature as to the circumstances under which medical assistance can be so restricted, the Department may not do so arbitrarily solely on the ground that the funds provided by the legislature are inadequate to operate the program as the legislature has directed it shall be operated. See, Collins v. State Board of Social Welfare, 248 Iowa 369, 377, 81 N.W.2d 4, 9 (1957). Medical assistance must be provided to all persons otherwise eligible, who have "no spouse or parent responsible under the law of this state and found by the county board to be able to provide him or them with * * * needed medical care and services."

As previously indicated, plaintiffs also seek a declaration that a portion of Section 239.1 (ADC) is invalid because of the "absent parent" requirement, and that a portion of Section 241A.2 (Aid to Disabled Persons) is void because of the requirement that an applicant for assistance be more than 18 years of age. The basis for each and all of the applications for assistance herein was the need for medical assistance. It is therefore the opinion of the Court that, in view of the Court's ruling with respect to the invalidity of Section 249A.4 and the regulations adopted pursuant thereto, the issues regarding Section 239.1 and 241A.2 need not be reached. The declared policy of the legislature in Chapter 249A was to provide medical assistance for the needy without an "absent parent" rule and without an age requirement.[4]

An appropriate order will be entered this date.

---

4. It should also be noted that medical assistance is provided under other Iowa statutes. For example, see Iowa Code, Chapter 252 (Support of the Poor) and Chapter 255 (Medical and Surgical Treatment of Indigent Persons).