STATE of South Dakota, Plaintiff and Respondent,

v.

Mark A. HANRAHAN, Defendant and Appellant.

No. 12259.

Supreme Court of South Dakota.

Submitted on Briefs May 17, 1978.

Decided June 20, 1978.

John P. Guhin, Judith A. Atkinson, Asst. Attys. Gen., Pierre, for plaintiff and respondent; William J. Jankow, Atty. Gen., Pierre, on the brief.

Mark A. Hanrahan, pro se.

DUNN, Chief Justice.

The defendant was convicted by a jury in the Sixth Judicial Circuit of failure to display a valid Motor Vehicle Safety Inspec-tion sticker on his vehicle in violation of SDCL 32–21–21. He appeals, raising questions as to delegation of legislative authority and his right to the assistance of lay counsel. We affirm.

On December 31, 1976, the defendant was stopped by an officer of the South Dakota Highway Patrol for failing to display a valid safety inspection sticker. A jury trial was held on May 6, 1977, and the defendant represented himself when the trial court refused to allow lay counsel to assist him. He raised issues dealing with the constitutionality of the safety inspection law, especially in the area of improper delegation of authority. He was found guilty, fined $100 and given ten days in jail. The jail sentence was suspended on condition that no other laws be violated.

■ The defendant's first contention on appeal is that compliance with SDCL 32–21–2 is an element of the crime of violating SDCL 32–21–21. In short, he contends that before anyone can be charged with violating SDCL 32–21–21, it must be affirmatively shown that the Superintendent of the Highway Patrol has given notice to citizens that their vehicles must be inspected pursuant to SDCL 32–21–2. The defendant did not raise this issue before the trial court at the time of settling instructions and did not propose an instruction to that effect. He did object to the instructions which set out the elements of the offense, but his objections did not deal with the issue raised on appeal. For this reason, we conclude that the issue has not been properly preserved on appeal. *State v. Barr*, 1975, S.D., 232 N.W.2d 257.

■ The defendant also contends that SDCL 32–21–21 applies only to the person operating the inspection station and not the individual drivers. The statute reads:

"The person operating an official inspection station shall issue an inspection sticker, together with a certificate of inspection and approval upon an official form provided by the Superintendent of the Division of Highway Patrol. Such sticker and certificate shall be issued only

upon inspecting such motor vehicle and determining that the motor vehicle is in good condition and proper adjustment according to the specifications established by the Secretary of Public Safety. Such sticker shall be displayed on the approved motor vehicle in accordance with the regulations as prescribed by the secretary. *Every owner or operator shall display a valid inspection sticker or a valid rejection sticker while operating on the public highways of this state.*" (emphasis added)

SDCL 32–21–31 states that any person who violates any provisions of this chapter shall be guilty of a crime. The clear wording of the statute places the burden on "every owner or operator" to obtain and display a sticker. The fact that the statute also sets out the duties of the operator of the inspection station when an owner or operator comes in for an inspection does not lessen the meaning of the clear wording.

■ The next issue on appeal is whether the defendant can be convicted of violation of a regulation or whether only acts specifically passed by the legislature can be the basis for a criminal prosecution. The defendant contends that rules and regulations promulgated by the Secretary of Public Safety apply only to sub-divisions under the Department's authority and not to all citizens of South Dakota. It is settled law that the legislature may delegate to an administrative agency quasi-legislative duties so long as the applicable statute promulgates a legislative policy and outlines the standard to be followed in its execution. *Utah Idaho Sugar Co. v. Temmey*, 1942, 68 S.D. 623, 5 N.W.2d 486. Especially in the area of public safety on the highways, courts have been willing to accept a legislative delegation of power to administrative agencies to administer policies designed to make the highways safer. *State v. Rivera*, 1967, 260 Iowa 320, 149 N.W.2d 127; Blashfield, Automobile Law and Practice, 3rd Ed., § 490.3. This court, in connection with another matter, has stated:

" * * * The right of a citizen to operate a motor vehicle upon the high-

ways of this state is not a natural or unrestricted right, but a privilege which is subject to reasonable regulation under the police power of the state in the interest of public safety and welfare." *Blow v. Commissioner of Motor Vehicles*, 1969, 83 S.D. 628, 631, 164 N.W.2d 351, 352. SDCL 32–21–21 clearly prohibits operating a motor vehicle without displaying a valid inspection sticker or a valid rejection sticker. This sets out the legislative policy, and the regulations administering this policy are valid and enforceable against the defendant. *United States v. Grimaud*, 1911, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563; *United States v. Brown*, 1977, 8 Cir., 552 F.2d 817.

■ The defendant's final issue deals with his right to have lay counsel present at his trial. We have recently dealt with that issue in *State v. Peterson*, S.D., 266 N.W.2d 103, decided May 18, 1978. For the reasons given there, we conclude that the trial court did not err in denying the defendant the right to representation by lay counsel.

Having examined the issues raised on appeal, we affirm the judgment of the trial court.

All the Justices concur.